ROBERT J. DUNLAP, APPELLEES, V. RICHARD MARNELL, APPELLANT.

FILED MARCH 13, 1914. No. 17,578.

1. **Deeds:** DEPOSIT FOR RECORD ON DEATH OF GRANTOR: EFFECT. If a grantor deposit a deed with a third person, without power of revocation or recall by the grantor, and with directions that it be held until the grantor's death and then put upon record by the holder, this is a sufficient delivery and will be effectual to pass the title to the grantee, even though he had no knowledge of the execution of the deed.

2. ———: ———: ———. Where a husband and wife each executed deeds of their respective lands in favor of the other spouse, with directions to a scrivener, in whose hands the deeds were deposited, not to deliver either deed to either grantor except upon the written order of both, and upon the death of either to place upon record the deed to the survivor, no present title passes by the execution of either deed.

3. ———: ———: ———. A mutual agreement that the survivor shall take the property of the other spouse was made between husband and wife, and was carried out as far as possible by the execution of deeds each to the other of the separate property of the grantor. The deeds were delivered to and held by a depositary under an agreement that they were not revocable by either, and that the deed to the survivor should be placed upon record upon the death of either, and upon the death of the wife the deed to the husband was recorded by the depositary. *Held,* That in an action to set aside the deed and quiet the title, brought by an heir of the wife, a court of equity may uphold and enforce the mutual agreement to convey and quiet and confirm the title of the grantee in the premises.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed with directions.*

*Charles W. Haller, M. O. Cunningham* and *D. W. Merrow,* for appellant.

*I. J. Dunn* and *G. W. Shields & Sons, contra.*

LETTON, J.

This is an action to set aside a deed to certain real estate and to quiet the title to the premises in the plain-

tiff.   The district court found for the plaintiff, subject
to the homestead right of defendant in one tract, and to
his share as widower, but without prejudice to defend-
ant's right to present an instrument in the form of a war-
ranty deed, under which defendant claims title, to the
county court upon the question of whether it may con-
stitute the last will and testament of his deceased wife.
Defendant appeals.

Prior to June, 1905, the defendant, Richard Marnell,
and Mary A Marnell, his wife, now deceased, each sepa-
rately owned certain real estate in Douglas county; the
wife's property consisting of three lots and a residence
in the city of Omaha and 160 acres of land, the husband's
consisting of 160 acres of land.   In June, 1905, they exe-
cuted a joint warranty deed, without consideration, to
James Perkins, an unmarried man, of all the property.
This deed was never delivered, and Perkins was not aware
of its existence when he was requested to reconvey.   On
April 17, 1907, Perkins, also without consideration, exe-
cuted to Richard Marnell a warranty deed to the same
property.   These two deeds were not recorded, and were
ineffective as conveyances, hence they will not be noticed
further.   On April 20, 1908, John A. Frenzer, a notary
public with whom they had been long acquainted, was
called to the Marnell home.   He was requested to prepare
two conveyances; one describing the real estate of Mary A.
Marnell and conveying the same by warranty deed to her
husband, Richard Marnell, and the other in like manner
conveying the real estate of Richard Marnell to his wife,
Mary A. Marnell.   Each of these deeds was executed by
the grantor and duly acknowledged before Mr. Frenzer as
notary public.   Mr. Frenzer testifies that in the conver-
sation when the deeds were executed the understanding
was that Frenzer would keep the deeds in his safe, and if
Mrs. Marnell should die first he was to record the deed
from her to Marnell, and if Mr. Marnell died first he was
to record the deed from Mr. Marnell to his wife; that he
stated he would not deliver either deed to either of them
without a written order signed by both, to which both

agreed; that after their execution he took the deeds to his office. After the death of Mrs. Marnell he recorded the deed to her husband, and brought into court the deed from Marnell to his wife, which he states has never been out of his possession until produced at the trial. On cross-examination he testifies that he was told by Mr. Marnell, who called him up on the telephone, that "if Mrs. Marnell dies first then Mr. Marnell was to have all the property; if Mr. Marnell died first she was to have all the property." Marnell testifies that, when Frenzer said to them during the transaction that he would not give up either deed unless upon the written order of both, Mrs. Marnell "said not to give them to anybody until death had been the judge." Mrs. Marnell died on June 21, 1909, more than a year after the deeds were executed. On May 13, 1909, Frenzer was again called to the Marnell home. At that time Mrs. Marnell refused to sign an order to record the deed from her to Marnell. When she signed the deed on the 20th of April, 1908, she was in bed, but Frenzer is unable to remember whether she was up or in bed on May 13, 1909. The deeds were witnessed by a Mrs. Smith, and by Mrs. Rich, who testifies that she is the daughter of Mr. and Mrs. Marnell; that she was present when Mrs. Smith signed the papers, and signed them at the same time as a witness at the request of her father and Mr. Frenzer.

The appellant insists that the delivery to Frenzer under the direction to hold and record after the grantor's death, and with no power to revoke, constituted a delivery to the grantee, and that the title passed thereby, but that, even if the court should hold it was not a grant *in præsenti*, the mutual agreement will be held good and enforced by a court of equity.

It has been many times decided that if a grantor deposits a deed in the hands of a third person to be held until after the grantor's death and then delivered to the grantee, or with directions that it shall be recorded by the holder after the grantor's death, a delivery to the grantee or the recording of the deed after the death will

be a sufficient delivery and effectual to pass title to the grantee. *Brown v. Westerfield*, 47 Neb. 399; *Haas v. Wellner*, 90 Neb. 160; *White v. Watts*, 118 Ia. 549; *Dickson v. Miller*, 145 N. W. (Minn.) 112; *Foreman v. Archer*, 130 Ia. 49; *Lippold v. Lippold*, 112 Ia. 134; *Nolan v. Otney*, 75 Kan. 311; *Emmons v. Harding*, 162 Ind. 154, 1 Ann. Cas. 864, and note, p. 869; *Loomis v. Loomis*, 144 N. W. (Mich.) 552. See, also, note to *Renehan v. Mc-Avoy*, 38 L. R. A. n. s. 941 (116 Md. 356). In Iowa it has been held that, even though the right to recall remains in the grantor, this will not defeat the conveyance, but this question is not involved and is not decided, though our impression is to the contrary.

We have held that a deed which was executed and delivered to the scrivener by whom it was written, with instructions to forward to the register of deeds for record, the grantee being present and assenting thereto, constituted a delivery to and acceptance of the deed by the grantee, that title thereby passed, and that, even though the grantor without the consent of the grantee obtained the return of the deed and destroyed it before it was recorded, it had no effect upon the title. *Svanda v. Svanda*, 86 Neb. 203.

The appellee, who claims as one of the heirs of Mrs. Marnell, insists that the true rule is that whether title passed upon the delivery of a deed to a third party for the grantee is to be determined from the intent of the parties at the time of the delivery; that it was the intention of Mrs. Marnell that her deed might never go into effect; that for that reason it was not a conveyance but a mere provision in the nature of a will, and conveyed no title; that if Marnell had died then the deed to her would have been recorded, and her deed would have remained unrecorded and inoperative; that, this being the case, as to both deeds there could be no present conveyance of the title to either Marnell or his wife; and that the condition attached to the delivery prevented the deed from becoming a conveyance. There is much force in this reasoning. If the deed from Mrs. Marnell had been the only

one executed at this time, under the authority of the cases heretofore cited, there was a present intention that the title should pass subject to a life interest or estate in the grantor; but since there were two deeds executed, with the agreement on the part of each grantor and grantee that the survivor alone should take, and the other deed become inoperative, no title passed at the time of the conveyance. In a California case, *Kenney v. Parks*, 125 Cal. 146, the agreement of the parties was almost identical with the one made by the Marnells. The court held that the act of delivering must be accompanied with the intent that the deed shall become operative as such; that, since both parties understood that the deed could have no effect until recorded, there was no intent that it should become operative immediately, and that under such an agreement no title passed; that "the title to the property vested presently when the deeds were delivered, or did not vest at all;" and that on account of the condition the surviving grantee took nothing by the deed. This reasoning seems to be sound. It was not the intention of either of the Marnells that a present estate in the property should pass at the time of the delivery of the deeds to Frenzer, and it cannot be said that there was a present intention to convey a remainder to the grantee, reserving a life estate in the grantor, which is a reason assigned by several courts for upholding transactions of this nature. Either deed might become void upon the happening of a future event, and was made subject to such condition. We think, therefore, that the legal title did not pass by the conveyance from Mrs. Marnell.

There is another consideration, however, which seems to us to be controlling in this case. Mr. and Mrs. Marnell entered into a contract with each other that, upon the death of either, the survivor should become owner of all the real estate described in the respective deeds. They attempted to effectuate this contract by the written instruments which were executed and delivered to Frenzer. Each of these attempted conveyances was a consideration for the execution of the other, and under the equitable rule

announced in *Brown v. Webster*, 90 Neb. 591, the contract then made may be enforced by a court of equity after the decease of either contracting party who had adhered to the contract. In the case cited the husband and wife each executed a will devising all the testator's property to the other spouse, the intention being that the survivor should take all the property of both upon the death of either testator. One of the parties broke the contract and made a later will making a different disposition of his property. It was held that the oral agreement and the execution of the wills constituted a single transaction which did not rest entirely in parol; that the wills may not be revoked by either party as long as the other continued to perform the contract; and that specific performance would be decreed. *Mueller v. Batcheler*, 131 Ia. 650.

In our opinion the oral contract entered into by Mr. and Mrs. Marnell, and attempted to be carried out by the execution of the respective conveyances and their delivery to Frenzer, irrevocable, save by consent of both parties, constituted a valid contract in favor of the survivor capable of specific enforcement. In such an action as this, brought in a court of equity to set aside the deed and quiet title in Mrs. Marnell's heirs, the court has the right, and it is its duty, to do complete equity between the parties. This can only be done by holding that the contract is valid and enforceable, and that, since the intention of the grantor was to vest the full legal title in the grantee at her death, the recording of the deed by Frenzer after her decease operated to carry out and perfect that intention. Taking this view, the title of the grantee therein should be made effectual by the decree. By reason of some peculiar circumstances in this case which are unnecessary to set forth in this opinion, it is with great reluctance that we reach this conclusion, but we find no escape from so doing. It has been made to appear that defendant Marnell has died since this action was begun, and the cause has been revived in the name of the heirs, devisees and legal representatives of the deceased.

The judgment of the district court is therefore reversed, with directions to quiet title to the premises in the heirs, devisee and legal representatives of Richard Marnell, deceased.

REVERSED.