EFFA HILL, APPELLEE, v. CHARLES NAYLOR, EXECUTOR,
APPELLANT.

FILED APRIL 29, 1916.   No. 18358.

1. **Deeds**: CONVEYANCE OF HOMESTEAD BY SURVIVING SPOUSE. An unmarried man is competent to convey title to real estate which he occupies, although it had been the homestead of himself and wife before her death.

2. ————: ESCROW: DELIVERY AFTER DEATH OF GRANTOR. A deed made pursuant to a contract that it shall be deposited as an escrow to be delivered to the grantee after the death of the grantor, and that the grantor may take possession of the deed, if the grantee fails to perform those things provided in the contract, and which constitute a valuable consideration for the deed on her part, becomes a valid conveyance upon the death of the grantor and performance of the contract on the part of the grantee.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Edwin D. Crites,* for appellant.

*Allen G. Fisher* and *William P. Rooney, contra.*

SEDGWICK, J.

Johann Troutmann conveyed the real estate in question to this plaintiff by warranty deed. The deed was deposited in the First National Bank of Chadron, and something over a year afterwards Troutmann died, and left a will by which, in a residuary clause, he devised all of his real estate to persons other than the plaintiff. The defendant, Charles Naylor, as executor of the will, appears to have come into possession of the deed to this plaintiff, and, as a controversy had arisen as to the validity of the deed, he declined to deliver it to plaintiff. She began this action in the district court for Dawes county to determine her right to the deed. The court found in her favor, and ordered the deed delivered to her. The defendant has appealed.

The real estate was the homestead of Mr. Troutmann, but his wife was deceased before the execution of the deed, and he was therefore competent to convey the title which was held in his name. The defendant contends that the deed was not delivered and was not intended to take effect until after the death of Mr. Troutmann, and must be construed as an attempt to make a will, and as such is invalid, not having been executed with the formalities necessary to make a will. It is a general rule of law, that can be changed by the legislature only, that an instrument executed in the form of a deed which is to take effect after the death of the party executing the same, and has no effect in the present, is invalid as a conveyance. The question, then, is whether this deed conveyed a present interest in the real estate, or was not intended to have any operation or effect until after Mr. Troutmann's death. The intention and effect of the deed must, of course, be determined from the writings executed by the parties. If the meaning of the writings is doubtful, the circumstances surrounding the parties at the time of its execution and their subsequent conduct with reference thereto may be considered if they assist in ascertaining the true meaning of the contract. With this deed, a memorandum was signed by plaintiff and Mr. Troutmann, which recited "that the deed mentioned for the conveyance of the said property shall be delivered, for safe-keeping, and not to be delivered to the said Effa Hill during the lifetime of the said John Troutmann, and it is further stipulated and understood, by and between the said parties, that, in case the said Effa Hill shall refuse or neglect to comply with any of the covenants on her part agreed to be performed on her part, that it will be lawful for the said John Troutmann to take in his possession the said deed to which this agreement is attached." It is insisted that this language indicates that the deed remained in the possession and control of the grantor, and was not delivered to plaintiff for any purpose. But it must be noted that it is by the agreement of the grantee that the deed was deposited, and the memorandum

Hill v. Naylor.

does not reserve to the grantor an absolute right to cancel the deed. It must first be determined that the grantee had forfeited her right by failure to perform on her part. The parties must have supposed that to "take in his possession the said deed" would operate as a reconveyance to him. The memorandum provided that the grantee "will give the said John Troutmann exclusive use of the bedroom now occupied by him in the said house, allowing him to keep his wood and coal in the same separate from her own fuel, and that she will at all times keep his said room clean, and in good order, and will do his washing, and furnish him with good board during his lifetime, also in case of his sickness that she will nurse and take proper care of him, the same as if she was paid for the said service. It is further stipulated and agreed by the said Effa Hill that she will pay the taxes on said property as they may accrue, and all necessary repairs on the said property." The evidence shows that he had the use of the room stipulated for. She cared for the room and generally performed her contract.

If the grantor reserved the absolute and unqualified right to withdraw the deed and cancel the same, the depositing of the deed for safe-keeping would not be a delivery to the grantee. This contract gave the grantor no absolute right to reclaim the deed. It was only in case the grantee "shall refuse or neglect to comply with any of the covenants on her part agreed to be performed on her part" that the grantor could take possession of the deed. The deed, then, was an escrow, and if this plaintiff performed her part of the contract she was entitled to the possession of the deed.

This seems to answer the questions raised by appellant. The judgment of the district court is

AFFIRMED.