BAILEY STATE BANK, Appellant, v. OTTO HEINSE et al., Appellees.

DEEDS: Recording—Failure to Record Contracts Affecting Real Estate—Subsequent Purchasers. An assignee of a contract which affects real estate must record the same in order to be protected against subsequent purchasers of the real estate, for a valuable consideration, without notice. (Sec. 2925, Code, 1897.)

PRINCIPLE APPLIED: Heinse agreed in writing to sell his lands to Lessenich. This contract was at once recorded. Lessenich attempted to rescind the contract, and thereby he and Heinse became involved in litigation. Later, and during the pendency of this litigation, Heinse, for value, assigned his interest in this contract to the Bailey State Bank. *The bank did not record this assignment.* Still later, Heinse for a valuable consideration sold all his interest in said lands to Hedrick, who knew of the contract between Heinse and Lessenich, but had no knowledge that Heinse had assigned the contract to the bank. Neither Hedrick nor the bank had so far been in possession of the land. Lessenich abandoned his attempt to rescind. In a controversy between Hedrick and the bank, *held* Hedricks' rights were superior to those of the bank.

*Appeal from Ida District Court.*—M. E. HUTCHISON, Judge.

MONDAY, JANUARY 15, 1917.

JUDGMENT for the defendant in the court below. Opinion states the facts.—*Affirmed.*

*Earl Edmunds* and *Henderson & Fribourg,* for appellant.

*Johnston Bros., C. W. Piersol* and *Griffin & Page,* for appellees.

GAYNOR, C. J.—On the 7th day of September, 1911, Otto Heinse, one of the defendants, and L. C. Lessenich, the other defendant, entered into a written agreement for the sale of certain lands owned by Heinse, by the terms of which the said Heinse sold and agreed to deliver to Lessenich a deed to the premises covered by the contract, on the 1st day of March, 1912. The consideration named in the contract was $18,400. This contract was duly acknowledged and recorded on the 3d day of October, 1913. At the time of the making of said contract, Lessenich turned over to Heinse an automobile valued at $4,000, and agreed to pay $2,500 by March 1, 1912, and assumed a mortgage indebtedness against the land. It further appears that, on December 13, 1912, Heinse was indebted to the plaintiff bank in the sum of $2,407.08, with interest, evidenced by a promissory note; that, on the 2d day of January, 1913, to secure an extension of the note and to secure the same, Heinse assigned his interest in said contract with Lessenich to the plaintiff bank, and guaranteed that there was due at that time on said contract, the sum of $2,500, with interest; that, at the time this assignment was made, Heinse and Lessenich were engaged in litigation over this contract, Lessenich claiming a right to rescind. This assignment was neither acknowledged nor recorded.

DEEDS: recording: failure to record contracts affecting real estate: subsequent purchasers.

On May 6, 1913, Otto Heinse and wife executed and delivered to the defendant Hedrick a special warranty deed for the land covered by the Lessenich contract, in substance as follows:

"In consideration of $2,580 in hand paid by D. H. Hedrick, we do hereby sell and convey unto said Hedrick and to his heirs and assigns, the following described premises." Here follows a description of the property in controversy. "And we do hereby covenant with the said Hedrick to warrant and defend the said premises only against the claims of all persons claiming by, through or under us, except as

against taxes and purchasers at tax sales. And the grantor aforesaid hereby relinquishes all contingent rights, including the right of dower, which they, or either of them, may have in said land.''

This deed was duly acknowledged and filed for record on the 14th day of June, 1913.

The controversy here is between the Bailey State Bank, claiming under their assignment of the Lessenich contract, and Hedrick, claiming under this deed. The court found in favor of Hedrick. Neither party had ever been in the possession of the land. At the time Hedrick took his deed from Heinse, he had no notice of the assignment of the Lessenich contract to the plaintiff. He had no notice that Heinse had parted with any interest in the land, except as evidenced by the Lessenich contract. Whatever right the bank has in the land must be worked out through the Lessenich contract. The suit brought by Lessenich to rescind the contract was abandoned. So far as this record now stands, Lessenich's rights are measured by his contract with Heinse. All the rights that plaintiff succeeded to by the assignment were the rights of Heinse in his contract with Lessenich.

Much learning has been expended in an effort to determine what Lessenich's rights were in the land at the time this assignment was made. The contract was never set aside. The Lessenich contract was in full force at the time this case was tried, and whatever rights Lessenich had under the contract were in full force, and whatever rights were conferred upon his grantor in the contract, nothing further appearing, passed to the assignee, the plaintiff in this case. Nothing further appearing, plaintiff in this case, as between it and Heinse, took the place of Heinse under the contract.

The trouble, however, with plaintiff's contention is that the assignment of the Lessenich contract to the plaintiff was never placed on record, and Hedrick, at the time he took his deed, had no notice or knowledge that Heinse had assigned his interest in the contract to the plaintiff. So it is

immaterial, so far as this controversy is concerned, whether Lessenich had a right to rescind the contract or not. He brought his action to rescind, and the action was dismissed. He never did, in fact, rescind the contract. Heinse never agreed to any rescission, and it is not shown that Lessenich had any right to rescind. It takes two parties to make a rescission. There must be a meeting of the minds. But, however that may be, the Lessenich contract was never in fact rescinded. Plaintiff is claiming under it as the assignee of Heinse, and he must stand or fall upon that contract, and the rights acquired by his assignment. Hedrick stands upon his deed.

The only question is whether Hedrick had notice of this assignment and of the plaintiff's rights acquired under the assignment, at the time he took his deed. Section 2925 of the Code of 1897 provides:

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county in which the same lies."

As plaintiff's assignment was not recorded, and as the record discloses that Hedrick had no notice of plaintiff's claim as between Hedrick and the plaintiff, Hedrick's claim must take precedence, and the court so held. In this we think the court was right, and is affirmed.—*Affirmed.*

LADD, EVANS and SALINGER, JJ., concur.