CLEO M. NEWELL, APPELLANT, v. MAY PIERCE, APPELLEE.

FILED DECEMBER 18, 1936.   No. 29634.

*Bruckman & Dunmire,* for appellant.

*J. E. Willits, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

CARTER, J.

This is an action brought by the appellant, Cleo M. Newell, against the appellee, May Pierce, to cancel certain deeds and to quiet title to certain lands in Adams county, Nebraska. The trial court found against appellant and dismissed his petition. From this order appellant has appealed.

It appears from the record that one George W. Hall was the owner of the lands involved in this action during the year 1924 and for many years prior thereto. During the month of May, 1924, George W. Hall executed deeds to all of his real estate to his two daughters, May Pierce and Nellie Mae Newell. By these deeds Hall purported

to convey his home,.in Juniata, Nebraska, to May .Pierce: and the balance of his real property to May Pierce and. Nellie Mae Newell jointly. The first question to be deter-- mined is whether these deeds were ·absolute and delivered without the· reservation of any dominion or control over· them by the grantor.

The evidence shows that Hall caused one Siebelt H.. Itzen to prepare the deeds in question and bring them to· his home in Juniata. The undisputed testimony of Itzen. is to the effect that, after the deeds were executed, Hall told Itzen to take the deeds and hold them until after his· death at which time Itzen was to deliver them to May Pierce and Nellie Mae Newell. Itzen took possession of· the deeds and held them in the vault of the bank at· Juniata in which he was employed. During this same period of time Hall had a safety-deposit box in the same bank in which he kept his personal papers. The deeds at no time were ever kept among Hall's personal papers. There· is testimony in the record that Hall said, after delivering the deeds to Itzen, that now he was a pauper, that he .had no. more property as he had deeded it all to his children. There is no evidence in the record of any reservation of· any dominion or control over the deeds on the part of the· grantor.

We are convinced that, under this state of facts, Hall had absolutely conveyed his property to his two children,. subject only to his life estate. He had divested himself of all dominion and control over the deeds and shown an intent to convey the title to the lands in question without; reservation. The .rule of law applicable thereto is as follows: "If a grantor deposit a deed with a third person, without power of revocation or recall by the grantor, and with directions that it be held until the grantor's death and then put upon record by the holder, this is a sufficient delivery and will be effectual to pass the title to the· grantee, even though he had no knowledge of the execution of the deed." *Dunlap v. Marnell,* 95 Neb. 535, 145 N. W. 1017. See, also, *Kennedy v. Nelson,* 125 Neb. 185, 249 N. W.

546; *Blochowitz v. Blochowitz*, 122 Neb. 385, 240 N. W. 586.

The record shows, however, that Nellie Mae Newell died on December 2, 1932, which was prior to the death of her father, George W. Hall. On January 19, 1933, May Pierce, at the request of Hall, caused Itzen to make out new deeds which were executed by Hall by which all of the real estate except 40 acres was conveyed to May Pierce. The remaining 40 acres were conveyed to the appellant, Cleo M. Newell, the son of Nellie Mae Newell. We having decided that the deeds executed in 1924 divested George W. Hall of all interest in the property except his life estate, he had no interest in the fee title to convey in 1933 when he attempted to again convey the property. The rule has been stated by a noted annotator as follows: "The authorities uniformly hold that where a grantor has deposited a deed with a third person, to be delivered to the grantee after the death of the grantor, reserving no dominion or control over the same, he cannot subsequently, by withdrawing or destroying the deed, or by other acts indicating a subsequent change of intention, affect a delivery thus completed." Ann. 52 A. L. R. 1247, and cases therein cited.

Neither could any subsequent act or statement of the depositary change the legal effect of the conveyance. The fact that Itzen testified that if Hall had asked for the deeds he would have returned them to him could make no difference in the result, and such evidence should have been excluded as immaterial. Likewise, the fact that Itzen did return the deeds to Hall cannot change the legal effect of the conveyance actually made prior thereto unless it was done with the consent of the grantees in the deeds. *Stalting v. Stalting*, 52 S. Dak. 309, 217 N. W. 386; Ann. 52 A. L. R. 1247. In *Johnson v. Cooper*, 123 Kan. 487, 255 Pac. 1112, the court said: "In no event was Gardner's opinion about the effect of the transaction competent, and the court was not authorized to consider it. Because Kessler's intention at the time he deposited the deed is unmistakable, his subsequent conduct in getting possession

of the deed and destroying it had no effect on the previous completed delivery."

In view of the conclusion we have reached, the judgment is reversed and the cause remanded, with dirctions to enter a decree canceling the deeds executed by George W. Hall on January 19, 1933, and quieting title to an undivided one-half of the property described in the petition in the estate of Nellie Mae Newell, deceased.

REVERSED.