MABEL BILLMEYER PICKWORTH, Appellee, v. J. W. WHITFORD et al., Appellees; ELLIS BILLMEYER SHEPARD and GORDON KENNETH SHEPARD, by their next Friend, CLARE SHEPARD, Intervenors, Appellants.

No. 45123.

JUNE 18, 1940.

Antes & Antes and Dutcher, Ries & Dutcher, for appellee.

A. C. Peterson, for appellants.

RICHARDS, J.—On June 20, 1928, appellee Ellen Bopp Billmeyer executed and acknowledged a warranty deed purporting to convey to the two intervenors certain real estate in Fayette county. On the following day she placed the instrument in the hands of Clare Shepard, in whose possession it thereafter remained. On April 16, 1934, the same grantor executed and acknowledged another warranty deed purporting to convey the same and additional real estate to the plaintiff. This deed was delivered by said grantor to plaintiff who filed same for record. The controversy on this appeal is solely between the plaintiff and the intervenors respecting the title to that real estate which both instruments describe. Intervenors, appearing by Clare Shepard as their next friend, claim title under the deed of June 20, 1928. To the same premises plaintiff claims title as grantee named in the deed of April 16, 1934. When the latter instrument was made the plaintiff knew that the deed of June 20, 1928, had been executed, that the grantor had placed the same in the possession of Clare Shepard, and that the latter still held possession. The cause was tried as a suit in equity. A decree was entered wherein the court found that the deed of June 20, 1928, was delivered to Clare Shepard conditionally, that the grantor reserved the right to recall the instrument at any time before her death, and that she did recall same before executing the deed of April 16, 1934. Upon these findings of fact the court concluded and decreed that plaintiff's title was paramount and superior to the claims of intervenors, and quieted same against them. Therefrom intervenors have appealed.

The findings in the decree reflect the factual question the parties submitted to the court as being determinative of the dispute, that is, whether or not there was an absolute delivery of the deed of June 20, 1928. The position of the appellants is that the record was such that the court erred in its findings and in entering the decree that was grounded on such findings in that the record established an absolute and irrevocable delivery. We turn to the record.

Plaintiff is one of the daughters, and the two intervenors are grandsons of afore-mentioned grantor. When the June 20, 1928, deed was executed the intervenors had reached respectively the ages of 16 and 12 years. Their father is Clare Shepard. It was in his hands that grantor placed the deed that named intervenors as grantees. As a witness Clare Shepard thus described the occurrence. By phone the grantor requested witness to come down the road toward her home, as she had something she wanted to give to him. Complying, witness met grantor midway the distance between their respective places of residing. There grantor handed to witness the deed of June 20, 1928, and in doing so said: "I have here a deed to some property that I want to deliver to you and I want you to take it and keep it until I am dead and then deliver it to your sons and they may have it put on record at that time." Witness stated grantor further said that the boys had always been good to her in so many different ways and so many different times, and that she wanted to reward them, and wanted them to have this property. He also stated that grantor repeated that she wanted witness to be sure that he keep the deed until she died, and to see that they got it, and that they had it recorded. According to the witness this happening was upon June 21, 1928.

This testimony was not that of a witness relating a transaction impossible of contradiction or explanation, as in situations where death has overtaken the other participant. The grantor in the instant case is not deceased. Upon the trial she testified extendedly and in detail. She described going to attorney Peterson's office and there having him draw the deed

to intervenors on June 20, 1928; she testified that she there executed and acknowledged the deed and carried it home; that on the next morning she telephoned Clare Shepard to come down the road and meet her; that he did so, meeting witness about 20 rods from his home; that there she handed him the deed; that in doing so she made statements and gave directions to Clare Shepard substantially as testified by him as already shown; that she has never recalled or demanded the deed returned, and never authorized anyone else to do so; that she has never had any intention of changing this deed; that she divested herself of the property on June 20, 1928, and her mind has always been made-up, and always will be.

We come to the controversial features of the record. Plaintiff takes the position that, in determining what was the intention of and thing accomplished by the grantor when she placed the deed in the hands of Clare Shepard, the testimony of the grantor that has been related is worthless. Eliminating grantor's evidence because allegedly worthless, plaintiff says the remaining evidence in the record is confined almost entirely to showings of surrounding circumstances. Passing for a moment the question of the weight to be accorded to grantor's testimony, it would appear that plaintiff's statement that, without grantor's testimony, not much but circumstantial evidence remains, conflicts with the record. For the testimony of Clare Shepard was direct and not circumstantial and it is entitled to due consideration. This witness related an occurrence that involved the personal interests of his two sons. Naturally a mistaken recollection would be a less probability, than would be the case had the testimony gone to some commonplace and unimpressive happening. Nor in his testimony is there discoverable any inconsistency or suggestion of error or mistake on part of witness. No reasons for believing that the testimony of this witness was tainted with intent to misrepresent the facts as he knew them are suggested in argument. All that plaintiff urges in that respect is that on February 22, 1934, the plaintiff assumed a certain attitude with reference to surrendering the deed, that will presently be noted.

For a period of nearly 6 years that followed the delivery of the deed to this witness the whole matter remained in statu quo. During that time the witness and grantor and the intervenors lived in close proximity in a rural community, and were in frequent contact. The intervenors were farming and performing other labor on grantor's premises. In 1934, on February 21st, the grantor suffered a fall and sustained many injuries, including a multicapsular hip fracture, and a fractured arm. She was of advanced age. Her recovery seemed doubtful. For several months she was confined in bed and wheelchair, practically helpless, and in the earlier part of this period suffering intensely. On the day of this accident plaintiff and another daughter, Mrs. Frye, being advised, came to their mother's home from not far distant towns where they resided. On the next day plaintiff and Mrs. Frye went to the home of Clare Shepard and demanded that he surrender to them the deed he was holding. They represented that their mother had authorized them to acquire the deed. The mother as a witness testified that she had never given any such authority. Shepard did not comply with the demand, then or at any other time. But in argument plaintiff urges that it was her own testimony and that of Mrs. Frye that Shepard did not refuse to surrender the deed to them but gave the excuse that the deed was at the bank, and it being Washington's birthday the bank was closed. Thereon plaintiff relies for impeachment of the testimony of the witness Shepard as to the transaction of June 21, 1928. But this testimony offered by plaintiff is directly controverted by other witnesses who were present in the Shepard home at the time, and in itself is lacking in persuasiveness. That is, the subsequent conduct of plaintiff and Mrs. Frye was quite consistent with that of persons who had met with the flat refusal described by the other witnesses. Plaintiff and Mrs. Frye made no request for the deed thereafter on any day that the bank might not be closed. Their conduct indicates they viewed the refusal as definite and final.

So it is that we cannot adopt plaintiff's statement that,

without grantor's testimony, not much remains in the record excepting surrounding circumstances. The testimony of Clare Shepard may not be so casually brushed aside. It goes to the vital question, i. e., what did grantor intend, and did she accomplish that intent on June 20 and 21, 1928?

Intervenors assumed the burden of proving that, in delivering the deed to Clare Shepard, the grantor intended to and did vest in them a present title, possession and enjoyment deferred while grantor lived. This burden, we think, they successfully carried. The testimony of Clare Shepard, with the supporting circumstances, appeals to us as being sufficient in that respect, and it has not been met by plaintiff. We are inclined to think that there is corroboration of the witness Clare Shepard in the testimony of the grantor, but that need not be decided. Even eliminating grantor's testimony, as plaintiff does, as worthless because of admissions on cross-examination that she subsequently made declarations and acted in a manner quite inconsistent with her testimony concerning her intention on June 20 and 21, 1928, the situation is this—the testimony of Clare Shepard is without any substantial negation in the record. True, plaintiff says there are surrounding circumstances that negative or neutralize the testimony of Shepard. But these so-called surrounding circumstances are in fact nothing more than declarations and actions on the part of the grantor, such as the making of the deed to plaintiff, the signing by grantor of a writing that authorized an attorney to plead in another action that in delivering the deed in question grantor reserved the right of withdrawal, the executing of a quitclaim to a portion of the premises to enable plaintiff to convey such portion in satisfaction of a judgment lien, and other things of similar nature. Grantor's explanation of these matters has to do with her physical and mental depreciation while for a long period bedridden and suffering from her injuries, and with the deed to plaintiff having been signed as the only escape from plaintiff's alleged continual nagging and insistence while grantor was in such condition.

But that phase of the record may be passed, and discussion directed to the afore-stated representations and actions on part of grantor. None of these things was done until nearly six years after the delivery of the deed to Clare Shepard. None was participated in by intervenors or Clare Shepard or done in the presence of or with knowledge of any of them. The fact that grantor had made these declarations and had done these things came into the record in large part upon cross-examination of grantor. The showing went of course to the question of the weight of grantor's testimony that her intent in the June 1928 transaction was to make an absolute delivery and conveyance. But the query is whether, as plaintiff claims, these declarations and things done by grantor, being in the record, are evidential that the delivery was not absolute. We think a negative answer ensues from the rule stated in Shepherd v. Delaney, 191 Iowa 138, 142, 181 N. W. 753, 754, that "declarations of a grantor made after the conveyance, and not in the presence of the grantee, are not admissible to impeach the title of such grantee." In Huxley v. Liess, 226 Iowa 819, 824, 285 N. W. 216, 218, the same rule is thus stated: "It is a well-known principle that a grantor in a warranty deed can not by subsequent declarations impeach the title conveyed." Plaintiff concedes the rule but urges it is not applicable in the instant case, because the deed was in the hands not of the grantees, but of a third person. It may be conceded that in the cases cited the deed was in the grantee's hands and that a presumption obtained that there had been a good delivery. In the instant case, the deed being in a third person's hands, the presumption was lacking and good delivery had to be proven by the grantee. But after good delivery had been proven the status of the grantee exhibited no characteristics distinguishing it from the status of a grantee relying on a presumption that there was a good delivery. There would be the same reasons of public policy in either case that the title of the grantee should not be impeached by the grantor in the manner mentioned in the rule. We are unable to discover wherein

lies the distinction that plaintiff suggests. So, applying the rule to the instant case, our conclusion is that there is no competent evidence in the record that can be viewed as a negation of, or as nullifying, the intervenors' proof that the delivery was absolute with enjoyment and possession postponed. There were other matters touched upon in evidence, but they are so nebulous that they do not aid in answering the specific question in this case. We are constrained to hold that the trial court should have sustained and established the title of the intervenors as against the claims of plaintiff in the real estate in question. The decree is reversed and the case remanded for decree in accord herewith. The motion to dismiss appeal is overruled.—Reversed and remanded.

HAMILTON, C. J., and OLIVER, BLISS, MILLER, STIGER, SAGER, and HALE, JJ., concur.