C. N. Freligh, Appellee, v. Ellen Bopp Billmeyer, Appellee; Ellis Billmeyer Shepard et al., Appellants.

No. 45937.

June 16, 1942.

A. C. Peterson, for appellants.

Antes & Antes, for appellee C. N. Freligh.

Houck & Miller, for appellee Ellen Bopp Billmeyer.

Garfield, J.—On June 20, 1928, Ellen Bopp Billmeyer executed a deed to land owned by her, including the tract in controversy, naming as grantees her grandsons Ellis Billmeyer Shepard and Gordon Kenneth Shepard. The deed was delivered in escrow to Clare Shepard, father of the grantees, with instructions to place of record when the grantor died. The grantor reserved possession during her life and continued in occupancy. The deed was never placed of record.

On April 16, 1934, the same grantor, Ellen Bopp Billmeyer, deeded the tract in controversy and other land to her daughter, Mabel Billmeyer Pickworth. On July 24, 1934, Julius Boeckh, receiver of the First National Bank of Hawkeye, obtained a judgment against Ellen Bopp Billmeyer, and on August 19, 1935, com-

menced action against Mabel Billmeyer Pickworth and Ellen Bopp Billmeyer to set aside the deed of April 16, 1934. The action was settled by the conveyance on April 10, 1936, by Mabel Billmeyer Pickworth and husband and Ellen Bopp Billmeyer of the land involved here to Julius Boeckh, receiver. On March 16, 1937, Boeckh, receiver, under proper orders of court, deeded the land in controversy here to C. N. Freligh, plaintiff herein. All of the above deeds, except that of June 20, 1928, were duly recorded.

On June 10, 1941, Freligh, claiming to be an innocent purchaser for value and without notice, brought this action to quiet his title against the grantor Ellen Bopp Billmeyer, the two grantees in the unrecorded deed of June 20, 1928, and Clare Shepard, their father and escrow agent. The trial court found for plaintiff. Defendants other than Ellen Bopp Billmeyer have appealed.

The court's decree is based upon the finding that appellee Freligh was a good-faith purchaser of the land for value and without notice of appellants' rights under their unrecorded deed, which was therefore of no validity against said appellee because of section 10105, Code, 1939, providing:

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless filed in the office of the recorder of the county in which the same lies, as hereinafter provided."

We see no escape from the conclusion reached by the trial court. It appears without dispute that appellee Freligh is a subsequent purchaser for value and that he had no knowledge or notice of appellants' rights under their unrecorded deed until long after he acquired the property and paid for it. He is clearly entitled to the protection of the Recording Act. Bailey State Bk. v. Heinse, 178 Iowa 1203, 160 N. W. 903; Lindberg v. Thomas, 137 Iowa 48, 56, 114 N. W. 562; McGinnis v. Edgell, 39 Iowa 419, 423; 66 C. J. 1159, section 1006.

Appellants rely upon a decree in a case commenced by Mabel Billmeyer Pickworth, grantee under the deed of April 16, 1934, in which decree the validity of the unrecorded deed of June 20, 1928, as against said Mabel, was adjudicated. See Pickworth

v. Whitford, 228 Iowa 658, 293 N. W. 47. The suit brought by Mrs. Pickworth was not instituted until after appellee Freligh acquired his deed. Freligh was not a party to the suit. The decree upon which appellants rely, pursuant to the opinion of this court, was not entered until August 1, 1940, more than three years after the deed to said appellee. Mabel Billmeyer Pickworth was not entitled to the protection of the Recording Act because she had full knowledge of the deed to appellants of June 20, 1928, at the time the deed to her was made.

There is a dispute as to whether the case of Pickworth v. Whitford involved the tract in controversy here or was confined to other lands conveyed by the two deeds of June 20, 1928, and April 16, 1934. Appellants' contention that the Pickworth case involved the tract deeded to appellee Freligh may be accepted. Nevertheless, it is clear that the decree in Pickworth v. Whitford, supra, is not binding upon said appellee, who was not a party to that case, and who, unlike Mrs. Pickworth, is entitled to the protection of Code section 10105. As having some bearing, see Duke v. Park, 220 Iowa 889, 893, 262 N. W. 799; Cassidy v. Woodward, 77 Iowa 354, 360, 42 N. W. 319; Hume v. Franzen, 73 Iowa 25, 28, 34 N. W. 490; Goodnow v. Stryker, 62 Iowa 221, 223, 14 N. W. 345, 17 N. W. 506. It should be remembered that the Pickworth litigation was not commenced until after appellee Freligh's rights accrued. There can be no claim that by the filing of the petition or the decree in that case said appellee was charged with notice of appellants' rights under their unrecorded deed. No question of lis pendens is involved. See Noyes v. Crawford, 118 Iowa 15, 91 N. W. 799, 96 Am. St. Rep. 363.

Appellants argue that appellee Freligh, upon discovering the unrecorded deed to appellants, could have rescinded the purchase from his grantor and been restored to statu quo. They cite Strothers v. Leigh, 151 Iowa 214, 219, 130 N. W. 1019, and other cases. We are also told that Freligh could have proceeded against his grantor for breach of the warranty in his deed. Assuming, without deciding, that either of these remedies was open to said appellee at his election, he was not confined thereto, but could avail himself of the protection of the Recording Act and have his title quieted. Equally without merit is the claim that the Recording Act does not apply because the deed was placed in

1310

escrow and it was not possible for appellants to place it of record. The statute does not except from its operation an unrecorded instrument which has been placed in escrow.

The decree is—Affirmed.

All JUSTICES concur.