RICHARD BLACK, APPELLANT, CROSS-APPELLEE, v. STERLING ROMIG, APPELLEE, CROSS-APPELLANT, IMPLEADED WITH LAURAMAY MILLER, APPELLANT, CROSS-APPELLEE.
36 N. W. 2d 772

Filed April 1, 1949. No. 32533.

*Elmer Rakow* and *Bernard Ptak,* for appellants.

*Frederick M. Deutsch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit to quiet title to an interest in a residence property in Norfolk, Nebraska. The defendant, Sterling Romig, claims title to the property by virtue of a deed from his mother, Grace Romig Black, executed and delivered prior to her marriage to the plaintiff. The trial court found against the plaintiff, Richard Black, and the defendant Lauramay Miller, and they appeal.

The evidence shows that on January 17, 1945, Grace Romig obtained title to the residence property in question by warranty deed. This was pursuant to an agreement to purchase entered into on November 15, 1944. The evidence shows that upon payment of all amounts due on January 13, 1945, to the Allied Securities of Norfolk, the agent of the grantor in making the sale, Grace Romig on the same date executed a deed to the property to her son, Sterling Romig. Whether or not there was a valid delivery of this deed constitutes the question to be here determined. The evidence shows that Grace Romig had completed the transaction at the time she executed the deed to her son, even though the deed to her was executed and delivered on January 17, 1945, four days later. For the purposes of this suit, Grace Romig was the owner of the property at the time the deed to Sterling Romig was executed.

Grace Romig was a widow at the time she obtained

title to the property and at the time she executed the deed to her son. The defendant Lauramay Miller was the adopted daughter of Grace Romig. On April 25, 1945, Grace Romig married the plaintiff Richard Black. Grace Romig Black died intestate on July 29, 1947. At the time of her death she and the plaintiff were occupying the property in question as their home. Plaintiff claims that he is entitled to a one-fourth interest in the fee title and a life estate in the whole of it as the husband of Grace Romig Black. Lauramay Miller claims a three-eighths interest in the fee, subject to the life estate of the plaintiff husband. She further alleges that the defendant Sterling Romig has a similar interest as an heir of his mother. The decision necessarily turns on the validity of the deed under which the defendant Sterling Romig claims title.

The evidence shows that Stella Ehrenberg was a long-time friend of Grace Romig. They had visited and corresponded with each other since their childhood days. She testified that on one occasion they were talking about how they would leave their property and she told Grace Romig that her husband had "left a will and a deed; and all I had to do was to go and record my deeds, and everything was mine, and when I opened the will why the will was the same and there was no need of probating the will, so it was not probated." Grace Romig then said: "I believe I will do that, I don't want to leave things around here, I don't know who would be messing around in my stuff first." Stella Ehrenberg testified also that Grace Romig told her that Sterling was her son and she wanted him to have the Norfolk property and that "I think I will leave her (Lauramay Miller) the property in Neligh." The date of this conversation was fixed as the last part of February 1945.

Stella Ehrenberg testified that shortly before her return to St. Louis "* * * she (Grace Romig) handed me an envelope that had some papers in it and said, 'Well, I got my papers all fixed, now what am I going to do with

them?' I said, 'I wouldn't know. They are supposed to be delivered to somebody.' She says, 'That is what they told me, so I guess I will deliver them to you.'" She further testified that Grace Romig told her to take care of them, to lock them up where they would be safe, and she took them home with her and placed them in her safety deposit box in a bank vault where they remained until after Grace Romig's death on July 29, 1947. In response to a further question as to what she was to do with these deeds, she stated that Grace Romig said: "Now all there is to do if I should die first, you hand those to Sterling and Lauramay." Stella Ehrenberg testified that shortly thereafter she went to St. Louis and returned the day previous to the marriage of Grace Romig to Richard Black on April 25, 1945, and that therefore she knew positively that the deeds were in her possession before the marriage took place. She testified that neither Grace Romig nor anyone else, other than herself, had access to the safety deposit box. Grace Romig never requested the return of the deeds, or claimed any right to recall them. The only other evidence bearing upon delivery was some evidence elicited from Sterling Romig on cross-examination. He was asked what was written on the envelope containing the deeds, to which he replied: "To be delivered after my death." The record shows that the envelope had been destroyed and consequently is not available as evidence. This constitutes the evidence to support the claim of the defendant Sterling Romig that a valid delivery of the deed was made.

There is evidence that the property described in the deed to Lauramay Miller which was held by Stella Ehrenberg was conveyed on June 12, 1945, by Grace Romig Black and Richard Black to Frank E. Romig, a relative of Grace Romig Black's first husband. There is evidence that she owned other lots in Neligh in the vicinity of those conveyed. The confusion of these deeds is not explained in the record. The deed identified as

the one held for Lauramay Miller by Stella Ehrenberg bears the date of May 4, 1943, a date inconsistent with the testimony adduced. We do not deem this discrepancy in the evidence to be a controlling factor on the issue before us.

We are of the opinion that the facts recited are sufficient to sustain a finding that a delivery of the deed to the Norfolk property was made. Whether or not a delivery of a deed has been made is largely a question of intent. Brittain v. Work, 13 Neb. 347, 14 N. W. 421; Smith v. Black, 143 Neb. 244, 9 N. W. 2d 193. Anything done by the grantor from which it is evident that a delivery was intended, by words or acts, is sufficient. Kellner v. Whaley, 148 Neb. 259, 27 N. W. 2d 183. Where a grantor instructs an escrow agent to safely keep deeds until his death and then deliver them to the grantees therein named, and there is no evidence of any reservation of a right to repossess them either by word or act before the death of the grantor, there is a valid delivery sufficient to pass the title to the lands described therein. Smith v. Black, *supra*. This is so whether the grantee knew of the escrow arrangement or not. Smith v. Black, *supra*.

The appellee cross-appeals from the finding of the trial court that the plaintiff, Richard Black, was entitled to recover the sum of $726.41 which he paid toward the satisfaction of the mortgage on the property here involved. The record shows that this payment was made by Black without knowledge that a deed to the property had been made to Sterling Romig prior to the marriage of Grace Romig to Richard Black. The evidence sustains the conclusion reached by the trial court on the issue raised by the counterclaim.

We conclude that the evidence sustains the judgment of the trial court.

AFFIRMED.