Viola Mae Milligan, appellee, v. Harland S. Milligan, Administrator of the Estate of Rena S. Milligan, deceased, et al., appellants.
74 N. W. 2d 74

Filed December 23, 1955. Nos. 33789, 33790.

*William H. Lamme* and *Kenneth M. Olds,* for appellants.

*Harry N. Larson* and *Mark J. Ryan,* for appellee.

Heard before Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Messmore, J.

This is an action in equity brought in the district court for Dixon County by Viola Mae Milligan as plaintiff, against Harland S. Milligan, administrator of the estate of Rena S. Milligan, deceased, and the heirs of Rena S.

Milligan, deceased, to quiet title in the plaintiff to 380.19 acres of land in Dixon County. The trial court entered its decree, finding generally in favor of the plaintiff and against the defendants, and quieted title in the plaintiff to the real estate in question, subject to an accounting as between the plaintiff and the estate of Rena S. Milligan, deceased, for rents and profits received by the administrator since the death of Rena S. Milligan, and subject to a lien for federal estate taxes and state inheritance taxes to be apportioned. The trial court retained jurisdiction of the cause until the accounting as provided for in the decree should be made and completed, but provided nothing in the decree should prevent an appeal by any of the parties.

The trial court overruled separate motions for a new trial by various defendants.

The defendant, administrator Harland S. Milligan, and other defendant-heirs of Rena S. Milligan, deceased, filed notice of appeal, as did also the heirs of Dora M. Jaiser, deceased, sister of Rena S. Milligan, deceased.

All parties stipulated that for the purpose of this appeal, the cases should be consolidated.

For convenience we will refer to Rena S. Milligan as deceased or Rena S. Milligan, to Viola Mae Milligan as Viola or Viola Milligan, to Harland S. Milligan as administrator, and to John J. Gross as Gross.

The principal assignments of error set forth by defendants are as follows: The trial court erred in finding that there was a valid delivery of the deed in question to the plaintiff. The trial court erred in not finding that the deed in question had been withdrawn from the hands of the third party holder by the grantor with the consent of the grantee, thereby revoking and canceling delivery of the deed in escrow.

John J. Gross, a lawyer who practices his profession at West Point, Nebraska, became acquainted with and had known the deceased since 1943 or 1944, and over a period of years had performed legal services for her.

On August 28, 1947, at her request he prepared a deed conveying to Viola Milligan, recognized by the parties to this action as the same person as Viola Mae Milligan, 380.19 acres of land in Dixon County. This deed was signed by the deceased in the presence of John J. Gross and acknowledged before him as notary public.

At the same time, by direction of the deceased, he prepared a written instrument entitled "DELIVERY IN ESCROW." This instrument provided: "The attached Warranty Deed from Rena S. Milligan, single, to Viola Milligan, conveying (then appears the description of the land conveyed) containing 380.19/100 acres, is hereby delivered to John J. Gross, to be held by him for the use and benefit of Viola Milligan and by him to be turned over to said Viola Milligan when in his judgment and discretion he believes it proper to do so, and in any event he shall immediately turn the same over to said Viola Milligan upon the direction of the undersigned. In the event of the death of John J. Gross during the life time of Rena S. Milligan his executor or administrator shall deliver the same to such person as Rena S. Milligan shall designate to hold the same. In the event of the death of Rena S. Milligan, said John J. Gross shall immediately give said deed to Viola Milligan.

"This delivery is irrevocable and in no event is said deed to be returned to Rena S. Milligan or to be under her control in any manner except as herein provided.

"Signed this 28th day of August 1947.
Witness                              (Signed) Rena S. Milligan
(Signed) John J. Gross."

This deed and the above-written instrument were left with Gross, placed in a deposit box with the deceased's name on it, and placed in the vault in his office.

Mr. Gross also testified that in holding the deed he was acting under the instructions of the deceased and considered he was holding it for the grantee; and that on February 3, 1950, the deceased came to his office, told him she wanted the deed to the Dixon County land to

Viola, and "gave me to understand that she was going to deliver it to Viola personally." He gave her the deed and never saw it thereafter.

The farm involved in this case is the one which the deceased referred to as the "Mathiesen" farm.

The record further shows that Viola Mae Milligan is the widow of Emmett Milligan, deceased, brother of Rena S. Milligan, deceased. Before Rena died she was at Viola's home and told Viola about the deed being left with Gross, and that Viola ought to have the farm, meaning, when Rena passed away. On many occasions Rena told Viola that the Mathiesen farm was going to be hers. The record further discloses that the deceased had a paper in her hand; and told Viola that it was the deed to the farm in question, and that she had some debts to pay and had to borrow some money. Viola knew that the deceased was going to see a Mr. Crowell in Omaha for the purpose of mortgaging the property to procure money to pay indebtedness, and had no objection if Rena wanted to do so. Viola never saw the deed in question. All she saw was a photostatic copy of it at the time of the trial of this cause in the district court.

Mr. Crowell had known the deceased for 20 or 30 years and had transacted business in her behalf, attending to her affairs by agreement of deceased and himself. On January 16, 1950, the deceased consulted Crowell at his office in Omaha about raising money by means of a mortgage on land in Dixon County. Negotiations were had with reference to this matter, but the land in question was not mortgaged by the deceased.

In this connection, as stated in Arnegaard v. Arnegaard, 7 N. D. 475, 75 N. W. 797, 41 L. R. A. 258: "Acts and declarations of the grantor subsequent to the time of the alleged delivery, in hostility to the deed, are incompetent as against the grantee. But acts and declarations in support thereof are admissible, because they are adverse to the interests of the only person who at the time has any interest in overthrowing such deed." See,

also, McDonald v. Miller, 73 N. D. 474, 16 N. W. 2d 270, 156 A. L. R. 1328; 31 C. J. S., Evidence, § 325, p. 1103; Pickworth v. Whitford, 228 Iowa 658, 293 N. W. 47; Kiser v. Sullivan, 106 Neb. 454, 184 N. W. 93; Johnson v. Petersen, 101 Neb. 504, 163 N. W. 869, 1 A. L. R. 1235; 2 Jones, Commentaries on Evidence (2d ed.), § 909, p. 1672; 20 Am. Jur., Evidence, § 605, p. 518; Colbert v. Miller, 149 Neb. 749, 32 N. W. 2d 500.

It was stipulated that the deed in question remained in the possession of the deceased from the time it was given to her by Gross until a few days prior to her death when it was taken possession of by Crowell, and after her death it was delivered to Rolley W. Ley, special administrator of Rena S. Milligan's estate, and after the appointment of Harland S. Milligan as administrator of the estate, the deed was turned over to him and remained in his possession until it was made an exhibit in this case.

Whether or not a deed has been delivered is largely a question of intent to be determined by the facts and circumstances of the particular case. Black v. Romig, 151 Neb. 61, 36 N. W. 2d 772; Smith v. Black, 143 Neb. 244, 9 N. W. 2d 193; Brown v. Westerfield, 47 Neb. 399, 66 N. W. 439, 53 Am. S. R. 532.

No particular act or form of words is necessary to constitute a delivery of a deed. Anything done by the grantor from which it is apparent that a delivery was intended, either by words or acts, or both combined, is sufficient. Brown v. Westerfield, *supra.*

"The true rule appears to be that it is not essential to the validity of the deed that it should be delivered to the grantee personally. It is sufficient if the grantor delivers it to a third person unconditionally for the use of the grantee, the grantor reserving no control over the instrument. Roepke v. Nutzmann, 95 Neb. 589; Johnson v. Becker, 251 Mich. 132; Sneathen v. Sneathen, 104 Mo. 201; Kittoe v. Willey, 121 Wis. 548; Gilmore v. Griffith, 187 Ia. 327; Hill v. Naylor, 99 Neb. 791." Blocho-

witz v. Blochowitz, 122 Neb. 385, 240 N. W. 586, 82 A. L. R. 949.

In Newell v. Pierce, 131 Neb. 844, 270 N. W. 469, it was said: " 'The authorities uniformly hold that where a grantor has deposited a deed with a third person, to be delivered to the grantee after the death of the grantor, reserving no dominion or control over the same, he cannot subsequently, by withdrawing or destroying the deed, or by other acts indicating a subsequent change of intention, affect a delivery thus completed.' Ann. 52 A. L. R. 1247, and cases therein cited."

There is no evidence in the record of any reservation or of any dominion or control over the deed in question on the part of the grantor. We are convinced that under this state of the facts, Rena S. Milligan, deceased, had absolutely conveyed her property as evidenced by the deed in evidence to Viola Mae Milligan, subject only to her life estate.

The defendants contend the trial court erred in failing to determine that the plaintiff-grantee specifically consented to the withdrawal of the deed from escrow thereby revoking and canceling the prior delivery in escrow.

The defendants offered in evidence parts of a deposition of the plaintiff, endeavoring to show that she consented to the withdrawal of the deed deposited in escrow by the grantor, thereby revoking the delivery of the deed and conveyance which had been made. This evidence was excluded by the trial court. We find nothing in the evidence, admitted or excluded, which shows any intention on the part of the grantee, Viola Milligan, to effect a revocation of the deed, nor is there any evidence, admitted or excluded, that the grantor, Rena S. Milligan, intended a revocation of the deed. The evidence is to the contrary. Viola Milligan was never given any choice as to granting her consent to repossession of the deed by the deceased. The deceased never asked Viola to approve what she had done. She simply

informed Viola what she had done after it was done. All the record shows is that in a very general way Viola was agreeable to anything Rena might wish to do. There is nothing about such an attitude which could serve to deprive Viola of property rights legally vested in her by the delivery of the deed in escrow to Gross. The return of the deed by Gross to the deceased, unaccompanied by a definite, specific intent of the grantor and the grantee to effect a revocation of the original delivery in escrow, as in this case, neither divests the grantee of the title nor raises an estoppel against her. See cases heretofore cited.

For the reasons given in this opinion the judgment of the trial court should be and is hereby affirmed.

AFFIRMED.