FOREST HENRY BRUNSON ET AL., APPELLEES, V. WILLIAM D. KAHLER, APPELLANT.

127 N. W. 2d 281

Filed April 3, 1964. No. 35597.

Francis M. Casey and Thomas Conis, for appellant.

Lane, Baird, Pedersen & Haggart, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Forest Henry Brunson and Patience P. Redon, plaintiffs, appellees here, against William D. Kahler, defendant, appellant here, to quiet title in them to an undivided one-half interest in four lots of real estate in the Village of Louisville, Cass County,

Nebraska, in which action the defendant filed an answer denying any right in the plaintiffs and a cross-petition in which he claimed full right and title thereto.

The case was tried to the court and at the conclusion of the trial a judgment was rendered sustaining the right of the plaintiffs to the relief they sought, and denying the claimed right sought by the defendant and dismissing his cross-action. From this judgment and an order overruling a motion for a new trial filed by the defendant he has appealed.

A summary of important events back of the commencement of this action is as follows: In 1942, Philip H. Kahler and Nora Kahler, who were husband and wife, were each the owner as tenants in common of an undivided one-half interest in the property here involved. Nora Kahler had two sons, Forest Henry Brunson and John Harold Brunson. Nora Kahler died December 17, 1942. Before her death she devised her interest to her two sons subject to a life estate in her husband. Title passed according to the terms of her will and concerning this there is no dispute. The litigation herein involves the disposition alone of the undivided one-half interest of Philip H. Kahler.

By a purported warranty deed dated December 23, 1942, signed and acknowledged by Philip H. Kahler, he transferred to the two sons of Nora Kahler his undivided one-half interest in the property, for a consideration of one dollar and love and affection, reserving to himself a life estate and use and control thereof during his natural life.

The deed was placed in an unsealed envelope and with the envelope was delivered to one H. B. Koop about December 23, 1942, where it remained until after the death of Philip H. Kahler which occurred October 9, 1961. On the envelope is typed the following: "Warranty Deed from Philip H. Kahler, widower, to John Harold Brunson and Forest Henry Brunson, dated December 23, 1942, delivered to the undersigned in escrow,

to be delivered to the grantees on the death of the grantor, or to either of said parties on the written request of all." This was signed "Philip H. Kahler." Beneath the signature is the signature of H. B. Koop in whose hands the deed remained until after the death of Philip H. Kahler. Philip H. Kahler requested of Koop that he deliver the deed to him on or about February 19, 1954. The request was refused, this for the reason that Koop had the right to deliver it only on the signatures of Philip H. Kahler and the two grantees.

On February 6, 1960, Philip H. Kahler executed a warranty deed in favor of William D. Kahler to the undivided one-half interest involved in the action here and on the basis of this deed William D. Kahler claims title to this property.

The claimed interest of the plaintiff Forest Henry Brunson is based directly on the rights granted to him by the deed to him and his brother. The rights of Patience P. Redon flow from a deed to her by John Harold Brunson, who was her father, of his rights under the deed to her father and Forest Henry Brunson. This deed was dated October 3, 1956, and her father died December 2, 1956.

The pleaded theory of the cause of action of the plaintiffs is that the deed from Philip H. Kahler to Forest Henry Brunson and John Harold Brunson, dated December 23, 1942, and placed in escrow in the hands of H. B. Koop caused the title to pass from him to the grantees, subject to a retained life estate, and subject to a right of revocation by joint action of the grantor and the grantees; and that hence after his death absolute title passed to the grantees or their successors.

It is pleaded that the plaintiff Forest Henry Brunson is a party as an original grantee, and Patience P. Redon as successor to the interest of John Harold Brunson. The right of Patience P. Redon to assert the interest, if any, which passed to her father by the deed is not questioned.

To the extent necessary to state herein the defendant by answer generally denied the allegations of the petition. Affirmatively it was pleaded that there was a lack of consideration for the deed; that the deed was fraudulently obtained; that there was no delivery of the deed; and that the authority of Harvey Koop, as agent of Philip H. Kahler, was terminated as of February 19, 1954.

These allegations of the answer are repeated in a cross-petition and further the defendant claims title by deed from Philip H. Kahler dated February 6, 1960.

In order to avoid confusion it is stated here that William D. Kahler, the defendant, was not related by blood or marriage to Philip H. Kahler. From about the age of 4 years he was reared in the home of Philip H. Kahler, and on his application to the court his name was changed to Kahler.

For the purpose of passage of title by deed it is necessary that there shall be evidence of delivery. Anything done however by the grantor from which it is apparent that a delivery was intended, either by words or acts or both combined, is sufficient. Milligan v. Milligan, 161 Neb. 499, 74 N. W. 2d 74; Short v. Kleppinger, 163 Neb. 729, 81 N. W. 2d 182; Johns v. Carr, 167 Neb. 545, 93 N. W. 2d 831.

There was evidence of delivery adduced on behalf of the plaintiffs. The testimony of H. B. Koop, the escrow agent, related the details of the delivery, and documentary evidence was adduced supporting his testimony. There is nothing in the record substantially to the contrary of this.

There was no evidence of the passage of any consideration, however a consideration is recited in the deed. There is nothing in this area from which any benefit can flow to the defendant. Consideration is not necessary to the validity of the deed involved here.

As a general rule a delivered deed passes title even if there is no consideration and there is nothing in the

present record to take this case out from under the general rule. Sampson v. Sissel, 151 Neb. 521, 38 N. W. 2d 341; Pierce v. Fontenelle, 156 Neb. 235, 55 N. W. 2d 658.

The evidence discloses that the deed here was deposited with a third person by the grantor without reserving dominion or control over it and with directions to the third person to hold it during the grantor's lifetime and upon grantor's death to deliver it to the grantees. In legal effect by this title passed to the grantees. Milligan v. Milligan, *supra;* Blochowitz v. Blochowitz, 122 Neb. 385, 240 N. W. 586, 82 A. L. R. 949.

The evidence of plaintiffs disclosed that the deed was deposited in escrow with instructions to hold it during the grantor's lifetime and upon his death to deliver it to the grantees. There was further evidence that the deposit arrangement contained a provision that the escrow agreement could be withdrawn on the written request of the grantor and the grantees. This condition was never exercised and according to the evidence of the plaintiffs the agreement remained in full force and effect at the time of the death of the grantor.

Such an agreement of withdrawal, unless acted upon by the parties, does not prevent a delivery in escrow from passing title to the grantees. Milligan v. Milligan, *supra;* Dunlap v. Marnell, 95 Neb. 535, 145 N. W. 1017.

There is evidence that on one occasion the grantor sought directly to withdraw the escrow agreement but this was not joined in by the grantees or representatives, and on one occasion to avoid it by deed, which was not joined in by the grantees or representatives. These acts had no effect upon the validity of the escrow agreement. The applicable rule is that where a grantor has deposited a deed in escrow he cannot subsequently by withdrawing the deed or by other acts indicating a change of mind affect the completed transaction. Milligan v. Milligan, *supra;* Newell v. Pierce, 131 Neb. 844, 270 N. W. 469.

It therefore becomes clear that on the evidence adduced by the plaintiffs and the authorities to which attention

has been directed that their burden of proof to sustain their pleaded cause of action has been met.

On behalf of the defendant no competent and material evidence has been adduced or offered which has the effect of destroying or counteracting the evidence in support of plaintiffs' cause of action, or of supporting the pleaded cross-action of the defendant, and no legal authorities are cited in the briefs the effect of which would be to impair or take away the rights claimed in plaintiffs' pleaded cause of action and declared by the judgment of the district court.

The judgment of the district court is therefore affirmed.

AFFIRMED.