HOME FIRE INSURANCE COMPANY OF OMAHA V. MICHAEL
S. COLLINS.

FILED JANUARY 23, 1901. No. 9,357.

1. **Contract of Insurance:** CONDITION: VIOLATION BY CHANGE OF TITLE: NUDUM PACTUM. A condition in a contract of insurance forbidding a "change of the title, interest or possession of the assured," is violated by a conveyance of the insured property, even though there be no consideration for the transfer.

2. **Incumbrance:** ASSUMPTION: VALUABLE CONSIDERATION. The assumption by the grantee of an incumbrance upon property conveyed to him, is a valuable consideration for the conveyance.

3. **Delivery of Instrument:** QUESTION OF FACT: INTENTION OF PARTIES. The delivery of an instrument is a question of fact to be determined by ascertaining the intention of the parties thereto.

4. **Deed:** TRANSFER OF TITLE: DELIVERY. . Whenever it is intended that a deed shall, by virtue of what is said and done, operate to transfer the title, then, in contemplation of law, it has been delivered.

5. **Recording of Deed:** DELIVERY: ACCEPTANCE. The recording of a deed by the grantor is evidence both of delivery and acceptance, if the conveyance is beneficial to the grantee.

6. **Evidence.** Evidence examined and found insufficient to support the verdict.

ERROR from the district court for Adams county. Tried below before BEALL, J. *Reversed.*

*Byron G. Burbank,* for plaintiff in error.

*M. A. Hartigan, contra.*

SULLIVAN, J.

Michael S. Collins sued the Home Fire Insurance Company in the district court of Adams county on a contract of insurance and obtained a verdict and judgment against it. As a defense to the action it was in the answer alleged that the insured property had been deeded by Collins to his wife without the knowledge or consent of the insurer and in violation of the terms of the policy. The clause forbidding alienation declares that "this entire policy shall be void if  *  *  *  the property be sold or transferred or incumbered,  *  *  *  or in case any change shall take place in the title, possession or interest of the assured in the above mentioned property,  *  *  * or if the assured shall not be the sole and unconditional owner in fee of said property,  *  *  * then, in each and every one of the above cases, this entire policy shall be null and void." The plaintiff denied that there had been any breach of the condition quoted, and the issue thus raised was resolved in his favor. The vital question in the case, and the only question that merits serious con-

sideration, is the sufficiency of the evidence to warrant the conclusion reached by the jury. The essential facts are not disputed.

On March 7, 1895, Collins and wife, in the office of their attorney, and after consultation with him, executed a warranty deed to John T. Powers, who, at the same time and as part of the same transaction, signed and acknowledged a like conveyance to Mrs. Collins. These conveyances were taken by Collins to the office of the register of deeds and were recorded. When recorded they were returned to Collins, who took them home and placed them among his papers. There has been no change in the possession of the insured property, which was a barn situated upon the family homestead. The cost of recording the instruments was paid by Collins. There was a valuable consideration expressed in each of the deeds, but none was in fact paid by Powers, who was merely used as a medium for the transmission of the title from Collins to his wife. The motive for making and recording the deeds was to put the property beyond the reach of Collins's creditors, or else to mislead them as to its ownership. Mrs. Collins was not a witness, and it does not appear whether the deeds were ever in her manual possession, or whether she actually paid her husband any consideration for the land. The first argument of counsel for the plaintiff is that the deeds, being deeds of general warranty, are void for want of a valuable consideration. One answer to this argument is that the transaction was in substance a conveyance from Collins to his wife, which, for aught that appears to the contrary, may rest upon the consideration expressed in the deeds. Another answer is that Mrs. Collins assumed the payment of an incumbrance upon the land, which of itself would be a sufficient consideration. A third answer is that, even without a consideration, the legal title would pass to the grantee (*Farmers & Merchants Ins. Co. v. Jensen*, 56 Nebr., 284; *M'Crea v. Purmort*, 16 Wend. [N. Y.], 460; *Morse v. Shattuck*, 4 N. H., 229; *Kendrick v.*

*Mutual Benefit Life Ins. Co.*, 124 N. Car., 315; *Beach v. Packard*, 10 Vt., 96; *Bever v. North*, 107 Ind., 544; *Jensen v. Crosby*, 83 N. W. Rep. [Minn.], 43; Tiedeman, Real Property, 801); and, since the statute of uses is not part of the law of this state (*Farmers & Merchants Ins. Co. v. Jensen*, 58 Nebr., 522), such a transfer would work a change of title within the meaning of the clause against alienation. *Farmers & Merchants Ins. Co. v. Jensen*, 56 Nebr., 284.

The next proposition contended for by plaintiff is that the deeds were not delivered. Delivery is a question of fact to be determined by ascertaining the intention of the parties. Whenever it is intended that a deed shall, by virtue of what is said or done, operate to transfer the title, then it is effective; in contemplation of law it has been delivered. The testimony of Collins and all the circumstances given in evidence indicate an intention to divest Collins of the legal title to the insured property and vest it in his wife. In our opinion there was nothing said or done satisfactorily evincing a contrary purpose. The deed from Powers was apparently executed on the theory that Collins had been divested of the legal title. The recording of the deeds was evidence both of a delivery and acceptance. *Bowman v. Griffith*, 35 Nebr., 361; *Issitt v. Dewey*, 47 Nebr., 196. Powers testified:

Q. So then the fact is simply this, and nothing more: That you were called into Mr. Hartigan's private office and he stated to you that Mr. Collins and his wife had made a deed to you and asked you to make a deed from yourself to Mrs. Collins? A. Yes, sir.

Q. And you did it?

A. I did.

Q. Now that is the fact, isn't it?

A. Yes, sir.

Q. Mrs. Collins was there?

A. Yes, sir.

Q. Mr. Collins was there?

A. Yes.

M. S. Collins testified that he made the deed to Powers; that Powers transferred the title to Mrs. Collins, and that she had ever since held the paper title. Opposed to the evidence tending to show delivery are four circumstances: (1) That Powers paid no consideration; (2) that Collins took the deeds to the office of the register of deeds and paid for recording them; (3) that the deeds were returned to him by the registrar and have since remained with his other papers; and (4) that there has been no change in the possession or control of the property. In view of the relationship of the parties and the motive for making the deeds, we are disposed to think that these circumstances were not of sufficient probative force to justify the jury in finding in favor of the plaintiff. Had it appeared directly or by fair inference that the parties never intended that the deed should be effective, their intention would prevail, and in that case the conclusion of the jury would be permitted to stand. *Koppelmann v. Koppelmann*, 57 S. W. Rep. [Tex.], 570.

We reverse the judgment, not because the necessary effect of making and recording the deeds was to change the title of the assured, but because the evidence in the record is insufficient to justify a finding that the title did not pass from Collins to his wife.

REVERSED AND REMANDED.