YORK BRICK & TILE COMPANY, APPELLEE, v. UDE MOTOR COMPANY ET AL., APPELLANTS.

FILED APRIL 22, 1932. No. 28045.

*W. T. Thompson* and *P. I. Harrison*, for appellants.

*Benton Perry* and *J. L. Richards*, contra.

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

MESSMORE, District Judge.

This is an action brought in the district court for Thayer county for the foreclosure of a mechanic's lien. The findings and decree of the trial court were in favor of appellee, plaintiff below, and against the Ude Motor Company, one of the defendants below and one of the appellants herein, in the sum of $845.05, and a decree of foreclosure entered, from which appellants named appeal.

The petition was in the usual form for the foreclosure of a mechanic's lien. The answer was a general denial, and an affirmative defense of estoppel was set up therein, alleging that appellants had entered into a contract with one Guy K. Cogswell for the exchange of certain used automobiles for oil, tanks and building material, and that the said Cogswell had a credit with appellee company in the sum of six or seven hundred dollars; that prior to the time of entering into said contract appellants inquired of appellee as to Cogswell's representations as to credit, and whether or not appellee would furnish the building material solely in reliance on Cogswell's credit with it and charge the same to his credit; that appellee agreed to do so, and that a contract based on such representation by appellee was thereafter entered into between the Ude Motor Company and Cogswell and that the material was furnished on the credit of the said Cogswell. The reply denies all the allegations of the affirmative defense,

denies that Cogswell ever had any credit with appellee or that appellee ever agreed to furnish material on the credit of Cogswell.

The material evidence discloses that W. R. Ude, president of the Ude Motor Company, and one E. H. Schulz, manager thereof, went to York to the office of appellee to consult with one Frank Burnham, president of appellee company, as to whether or not one Guy K. Cogswell had a credit with said company in the sum of about $700, and had with them at that time certain dimensions and figures for materials necessary to build a garage at Deshler; that Burnham assured them that Cogswell had a credit on the books of the company in the amount of $700 and further that Cogswell's credit was good for any amount over $700 that it took to finish the building in question; that subsequent to this conversation a written contract for the exchange of certain automobiles for certain building and other materials was entered into between W. R. Ude, of the Ude Motor Company, and Cogswell; that after entering into said contract Schulz, as manager of the Ude Motor Company, called Mr. Burnham, stating that the contract between the Ude Motor Company and Cogswell had been entered into and asked that certain building materials be sent to Deshler to construct the garage and for Mr. Burnham to call Mr. Cogswell and verify the sending of the materials on Cogswell's account; that subsequently Schulz went to appellee's place of business in York and obtained certain building materials which were charged to the Ude Motor Company, as shown by the exhibits in the record.

Mr. Burnham testified that he was never asked to charge the building materials to Cogswell and claims that the materials furnished were charged to the Ude Motor Company, hence the filing of the mechanic's lien.

There appears in evidence a letter written by Burnham, dated August 4, 1930, to Cogswell at York, asking what Cogswell intended to do in regard to the Ude Motor Company account and stated that if they did not hear from him by the 14th of the month they would be forced to

file a lien. The record also contains evidence relating to a conversation had between Mr. Ude, Mr. Schulz, Mr. Perry, attorney for appellee, and Mr. Burnham, wherein payment was sought from the Ude Motor Company of this account. Further, that a truck was sold by Cogswell to appellee and certain credits given him by the company and that such transaction was settled between appellee and Cogswell; that Cogswell desired to sell material for appellee on commission, the same having been discussed by appellee through its Mr. Burnham and Cogswell.

The deposition of Guy K. Cogswell was read in evidence, corroborating the testimony of Ude and Schulz as to the credit Cogswell had with the appellee. The only denial in the evidence by appellee of whether or not credit was extended by it to Cogswell was made by Mr. Burnham in direct opposition to the evidence of W. R. Ude, E. H. Schulz, and Guy K. Cogswell.

Appellants appeal upon the insufficiency of the evidence to support the findings and decree of the trial court.

Section 20-1925, Comp. St. 1929, is as follows: "In all appeals from the district court to the supreme court in suits in equity, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it shall be the duty of the supreme court to retry the issue or issues of fact involved in the finding or findings of fact complained of on the evidence preserved in the bill of exceptions, and upon trial *de novo* of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

It might be stated here that appellants filed a motion for a new trial in the district court which was overruled, this for the purpose of having this court review the ruling of the court below upon the admissibility of evidence. Analyzing the evidence and after a careful reading of the record, we are convinced that appellee's evidence, stand-

ing as against the evidence of appellants, is insufficient to sustain the findings and decree of the trial court, in that appellee was in a position to know and did know that the contract in question was contemplated by and between the Ude Motor Company and Cogswell; that appellee had previously done business with Cogswell, knew the nature of his business, purchased a truck from him, and had extended credit to him at different times, admitted the appearance of Ude, and Schulz in York at the company's office and had figured the materials necessary from the dimensions given it by Ude and Schulz to be used in building the garage; however, denying that anything was said about Cogswell's credit, admitted the telephone conversation had by Schulz with Burnham, with the exception of denying anything that might have had anything to do with extending credit to Cogswell.

The letter hereinbefore referred to is evidence that appellee had some knowledge of the transaction between the Ude Motor Company and Cogswell, knew of the existence of the contract between these parties, had extended credit to Cogswell, and was willing and ready to furnish materials to the Ude Motor Company on the credit of Cogswell, looked to him for the payment of the materials, and had written him to that effect, threatening to file a lien if he did not pay the amount due.

It is the duty of this court to retry the issues of fact involved in the findings of fact complained of on the evidence preserved in the bill of exceptions and upon a trial *de novo* of such questions of fact reach an independent conclusion as to what findings are required, and without reference to the conclusions reached by the lower court or the fact that there may be some evidence in support thereof.

We therefore conclude that the judgment of the district court be reversed and appellee's action dismissed.

REVERSED AND DISMISSED.