FRANK H. JOHNS, APPELLEE, v. ELSIE CARR ET AL., APPELLANTS.

93 N. W. 2d 831

Filed December 26, 1958. No. 34483.

*Hugh W. Eisenhart, Perry, Perry & Nuernberger,* and *Edwin C. Perry,* for appellants.

*Johnston & Grossman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The second amended petition contains the following: Appellee and Fern Winslow Johns, husband and wife, were the owners of real estate involved herein. Appellee from about August 11, 1935, had a long experience of illness and mental depression because of which he was committed to a mental hospital and subsequently discharged therefrom by habeas corpus proceedings. Appellee on or about June 22, 1953, was despondent and became intoxicated. His wife had him committed to jail and he was nervous and upset. His wife and appellants while he was in jail had a conference or conferences concerning the property involved in this case. Appellants authorized and instructed the wife of appellee to obtain a deed from him to the real estate in-

volved herein to appellants as grantees. The wife of appellee obtained his release from jail about June 23, 1953. He returned to his home in a confused state of mind and under the influence of intoxicating beverages and drugs. He was then in doubt concerning his sanity and liberty and was afraid he might be confined in jail or a mental institution for life. He, while in the condition aforesaid, agreed as requested by his wife and appellants to sign papers on conditions that appellants would pay to appellee $5,000; that a life estate would be reserved to him and his wife or the survivor of them; and that on the death of both of them the property would be divided equally between the son of appellee and Elsie Carr, one of the appellants. The terms and conditions stated by appellee were accepted by his wife and she and appellants represented to appellee that a paper presented to him for his execution complied with and expressed the agreement and conditions required by appellee. The paper did not express the verbal agreement and conditions. He later learned appellants claimed the paper was a deed of the property that conveyed it to them. Appellants accepted the paper which purported to be a deed, filed said purported deed of record with the register of deeds of Furnas County, took possession of the real estate, and claimed to be the owners thereof because of the deed and the recording of it. Appellee received no consideration for signing the deed and his signature thereto was procured by fraud and misrepresentation to his damage in excess of $10,000. The appellants, because of the acceptance of the deed and the filing of it for record, were estopped from denying the agency and misrepresentations of the wife of appellee made to him, as he alleges. Appellants have accepted and filed the deed for record and taken possession of the real estate. It is inequitable to allow them to retain the property and its income without payment of any consideration. If the deed is valid, they should be required to pay appellee $5,000 and the deed

should be reformed to comply with the true agreement and the interest of appellee and his son in the real estate as agreed. If the deed is void, it should be set aside. The prayer of the petition is for relief appropriate to the allegations of the petition.

The answer of appellants admits that appellee and Fern Winslow Johns were husband and wife as alleged by appellee and denies all other statements of the second amended petition of appellee. The answer alleges that: The interest of appellee in the real estate described in the petition during the lifetime of his wife was the inchoate interest of a husband in the real estate of his wife. The wife of appellee is now deceased. Elsie Carr was a sister and W. H. Winslow and Ivan Winslow were brothers of the deceased. The real estate described in the petition was property owned by the Winslow family and it was inherited by Fern Winslow Johns from her mother before the daughter was married to appellee. The deed conveying the real estate described in the second amended petition to Elsie Carr, W. H. Winslow, and Ivan Winslow as C. Ivan Winslow, appellants, as joint tenants, subject to a life estate therein of Fern Winslow Johns, was executed by Fern Winslow Johns and Frank H. Johns, wife and husband, June 29, 1953. The deed was acknowledged before a notary public, who was an attorney, of the State of Kansas. It was delivered to the office of the county clerk of Furnas County thereafter, was recorded, and is now of record in the public records of that county. The fee of the county clerk for recording the deed was paid on the date it was recorded by Fern Winslow Johns. The grantees named in the deed had no knowledge of it until after the death of Fern Winslow Johns but they accepted it and the benefits thereof as a gift from their sister. Appellants ask that the petition be dismissed and the title to the land be quieted in them.

The reply asserted that none of the appellants had possession or control of the alleged deed or the real

estate before the death of Fern Winslow Johns; that neither she nor appellee had any intention of making a gift of the real estate to appellants or any of them; and that after the death of Fern Winslow Johns appellants took and have since had possession of the real estate under claim of ownership and have had the use and benefit of it. Appellee denied all other statements of the answer of appellants and prayed that the deed be held to be void or, in the alternative, that appellee be decreed a life estate in the real estate, awarded a judgment for $10,000, and for equitable relief.

A motion for summary judgment was made by appellee for the reason stated therein that the answer of appellants admits that no delivery of the deed was made to them. The district court found that appellee was entitled to a summary judgment because the answer alleged that the deed was filed and recorded in the public records of Furnas County and the appellants had no knowledge of the deed being drawn or delivered to the county clerk for recording until after the death of their sister, Fern Winslow Johns, and that by reason thereof appellant had not accepted the deed during the lifetime of one of the grantors and the delivery of said purported deed was incomplete. The motion for summary judgment was sustained and a judgment was rendered setting aside the deed.

The certification by the court reporter and the order of allowance by the judge of the district court establish that the bill of exceptions contains all evidence offered and the evidence received in this cause. It does not show that any evidence was offered or received on December 2, 1957, or on any other date except March 8, 1958. On that date the motion of appellants for a new trial and their motion to set aside the judgment were heard, exhibits were offered in support of the motions, and they were received in evidence. This is the only occasion in the experience of this litigation that the record shows that any evidence was offered or received.

The journal entry of the trial court of the hearing December 2, 1957, on the motion of appellee for summary judgment recites the motion was presented, argued, and submitted, whereupon the court took it under advisement. The journal entry of the district court of the proceedings had in the case January 8, 1958, states that after careful consideration of the pleadings, argument, and written briefs the court finds that the action involves the legality of a certain deed. There is no mention in either of the journal entries of evidence having been taken or considered in the hearing or decision of the motion for summary judgment. The statement of the brief that appellee filed a motion for summary judgment, that trial was had on December 2, 1957, that evidence was offered, and that the question was argued and taken under advisement by the court, and the statement that the record and bill of exceptions indicate positively that certain evidence was presented at the trial of the case December 2, 1957, are each incorrect. The record establishes beyond any area of legitimate argument that there was no evidence offered on the hearing on the motion for a summary judgment and that it was by the court considered and decided exclusively upon the pleadings, arguments of counsel, and written briefs. It follows that the argument of appellee that the action of the trial court granting a summary judgment may not be reviewed in this court because the bill of exceptions does not show "the evidence which the trial court may have considered" is without substance since the record evidences beyond question that there was no evidence considered in that regard. The record of the proceedings in the trial court as certified to this court imports verity and this court must determine an appeal exclusively on the basis of what the record shows.

So far as the action of this court of review can be considered a trial, it is trial of the correctness of the happenings in the cause in the trial court. The evidence of the happenings the correctness of which is on trial

is furnished only by the record presented in this court as by its records alone can the trial court speak. Haswell v. State, *ante* p. 169, 92 N. W. 2d 161. See, also, In re Estate of Piel, 141 Neb. 783, 4 N. W. 2d 875; Segebart v. Gregory, 160 Neb. 64, 69 N. W. 2d 315.

The basis of the motion for summary judgment was the assertion that the answer of appellants admitted that no delivery of the deed was made to them. The status of the case when the motion for summary judgment was made and when it was heard, considered, and passed upon by the trial court was that issues had been joined by the second amended petition of appellee, the answer of appellants, and the reply of appellee. The court was limited to a consideration of the information contained in the pleadings in making a decision on the motion. It could not have been otherwise because there was nothing else in the record of the case which the court could have made the basis of the decision of the motion. Appellee speaks almost not at all about the pleadings and the issues thereby made but he refers repetitiously to matters of alleged fact contained in the bill of exceptions, none of which were in the record or before the trial court until long after the motion for summary judgment had been decided and a plenary judgment rendered for appellee. Appellee admits that none of the matters last above referred to were before or considered by the trial court in his disposition of the motion for summary judgment. The answer of appellants did not by any words therein admit that no delivery of the deed was made to them. The trial court in granting the motion did not so find. The court only found that the answer says that the deed was filed and recorded in the office of the county clerk of Furnas County, that appellants had no knowledge of the deed being prepared and presented to the county clerk for recording until after the death of their sister and by reason thereof appellants had not accepted the deed in the lifetime of their sister, one of the grantors, and

that the delivery of the deed was incomplete because of the lack of acceptance by the grantees. The allegations of the answer referred to by the trial court were a sort of explanatory denial by appellants supplemental to their general denial in the answer of the charges of fraud and misrepresentation made against them by appellee in his petition which he claims induced him to execute the deed conveying the real estate involved herein to the sister and brothers of the wife of appellee. These were not allegations or admissions of nondelivery or nonacceptance of the deed.

The answer of appellants denied all the allegations contained in the second amended petition of appellee except only the one that stated appellee and Fern Winslow Johns were husband and wife. Thereby an issue was made and existed as to all material allegations of the cause of action made by the second amended petition. Appellee pleaded therein that he made an agreement with his wife who acted for herself and appellants to convey the real estate for a consideration stated upon conditions which appellee specified. A deed was executed by appellee and his wife but it did not comply with the alleged agreement made or the asserted conditions specified by appellee and he was not paid the amount he was to receive for the deed, according to his allegations. He pleaded he did not deliver the deed and that he was induced to execute it because of fraud and misrepresentation of his wife and appellants. These allegations were all denied by the answer of appellants. They were issues of fact that resisted disposition of the case by a summary judgment. The delivery or nondelivery of the deed was a question of fact which could only be litigated by production of evidence of facts and circumstances surrounding and concerning it.

Delivery of a deed is essential to render it operative. Delivery is largely a question of intent to be determined by the facts and circumstances of each particular case. No particular words, acts, or ceremony are necessary

to constitute delivery of a deed. Any acts or words showing intention of the grantor to deliver and the grantee to accept are sufficient. Brown v. Westerfield, 47 Neb. 399, 66 N. W. 439, 53 Am. S. R. 532; Ladman v. Ladman, 130 Neb. 913, 267 N. W. 188; Smith v. Black, 143 Neb. 244, 9 N. W. 2d 193; Milligan v. Milligan, 161 Neb. 499, 74 N. W. 2d 74; Short v. Kleppinger, 163 Neb. 729, 81 N. W. 2d 182.

The second amended petition of appellee asserts that the appellants filed the purported deed of record with the register of deeds of Furnas County. The real estate described in the deed and involved herein is in that county. The recording of the deed was some evidence both of delivery and of acceptance of it since the conveyance was beneficial to appellants. Gustin v. Michelson, 55 Neb. 22, 75 N. W. 153; Home Fire Ins. Co. v. Collins, 61 Neb. 198, 85 N. W. 54; Bowman v. Griffith, 35 Neb. 361, 53 N. W. 140; United States v. 12,800 Acres of Land, Etc., 69 F. Supp. 767.

The trial court found that appellants could not have accepted the deed after the death of Fern Winslow Johns, one of the grantors. Appellee apparently believes that assent of the grantee is an indispensable requirement of the delivery of a deed. This court has decided otherwise as to both of these views. Smith v. Black, *supra*, contains this language: "It is not necessary that grantees shall have knowledge of the deeds prior to the death of the grantor. * * * The appellants substantially urged that there was no delivery since there was no assent thereto by grantees, assent being an essential element of delivery. The authorities cited, we think, do not support this contention."

The second amended petition of appellee contains this: "* * * that said defendants (appellants) and each of them accepted said paper (the deed in question), took possession of said real estate and property filed said purported deed of record with the Register of Deeds of Furnas county, Nebraska, and claim the same to be a

deed to said real estate and property and by virtue of said paper and the recordation thereof claim title to said property and real estate as against the plaintiff and the world * * *." Later it is therein pleaded by appellee that appellants, having accepted and filed the deed of record, taken possession of the property, and accepted the benefits and fruits of the conspiracy, are estopped to deny the aforesaid representations, promises, and fraudulent misrepresentations. These are admissions of the acceptance of the deed and the filing of it for record in the public records of the proper county made in the pleading which is the foundation of the litigation. The effect of such an admission has been by this court frequently and recently declared. Kuhlmann v. Platte Valley Irr. Dist., 166 Neb. 493, 89 N. W. 2d 768, states: "A party may at any time invoke the language of the pleading of his adversary on which the case is tried, on a particular issue, as rendering certain facts indisputable * * *. An admission made in a pleading on which the trial is had is more than an ordinary admission. It is a judicial admission and constitutes a waiver of all controversy so far as the adverse party desires to take advantage of it and is therefore a limitation of the issues. * * * A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the subject of the admission is true."

There are genuine issues of fact made by the pleadings including the one concerning the delivery or nondelivery of the deed of June 29, 1953. Appellee was not entitled to a judgment as a matter of law. The prerequisites of granting a summary judgment are that the movant demonstrate that there is no genuine issue of fact in the case and that he is entitled to judgment as a matter of law. Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643; Spidel Farm Supply, Inc. v. Line, 165 Neb. 664, 86 N. W. 2d 789.

The judgment should be and it is reversed and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.