JOYCE LUMBER COMPANY, A CORPORATION, APPELLANT AND
CROSS-APPELLEE, V. CHARLES E. DJUREEN ET AL., APPELLEES
AND CROSS-APPELLANTS, COMMERCIAL SAVINGS AND LOAN
ASSOCIATION ET AL., APPELLEES AND CROSS-APPELLEES.

125 N. W. 2d 109

Filed December 13, 1963. No. 35498.

Floersch & Floersch, for appellant.

Frost, Meyers & Farnham and John B. Abbott, for
appellees Djureen.

Fitzgerald, Hamer, Brown & Leahy, Harold L. Rock,
Virgil E. Northwall, Burbridge & Burbridge, Schmid,
Snow & Ford, and William E. Seidler, for appellees Com-
mercial Savings & Loan Assn. et al.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER,
SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is an action to foreclose a mechanic's lien brought
by Joyce Lumber Company, a corporation, plaintiff,
against Charles E. Djureen and Katherine J. Djureen,
husband and wife, Commercial Savings and Loan Asso-

ciation, a corporation, Omaha Concrete Stone Company, a corporation, Seibler Heating and Air Conditioning, Inc., a corporation, Snell Sash and Door Company of Nebraska, Inc., a corporation, and Faur Electric Company, a copartnership, defendants. Defendants Omaha Concrete Stone Company and Snell Sash and Door Company of Nebraska, Inc., filed answers and cross-petitions but failed to appear for pretrial conference and trial, and their cross-petitions were dismissed for want of prosecution. The answer and cross-petition of Seibler Heating and Air Conditioning, Inc., was dismissed with prejudice after the entry of judgment appealed from herein on motion of said defendant, as was the answer of Faur Electric Company. The court reserved ruling on the claim of Commercial Savings and Loan Association in the judgment. The parties we are concerned with in this appeal are the plaintiff, Joyce Lumber Company, and the defendants Djureen.

The trial court found that with regard to the answer of the Commercial Savings and Loan Association, the answer of the Faur Electric Company, the answer and cross-petition of Seibler Heating and Air Conditioning, Inc., and the issues raised therein, the court was of the opinion that the judgment would permit such parties to conclude their differences without entry of judgment.

As to the plaintiff and defendants Djureen, the court found that the plaintiff furnished material for the construction of a residence on the real estate involved, substantially on the dates as shown, in the quantities, and of the fair and reasonable value reflected in the mechanic's lien; that such material was furnished by the plaintiff on an open account between the plaintiff and the contractor, Robert L. Carpenter, and not pursuant to any agreement or understanding between the plaintiff and the defendants Djureen, nor pursuant to any contract, agreement, or understanding between the plaintiff and the contractor, either for the furnishing of certain material in a gross amount or for all the material

of a nature handled by plaintiff to be used in said construction; that the material was furnished pursuant to 21 separate orders placed by the contractor with the plaintiff on or about the various dates shown in the mechanic's lien, each such order being for specific items and at specific amounts; that each such order constituted a separate transaction or contract between the plaintiff and the contractor, and particularly that the order shown on the mechanic's lien dated February 7, 1962, and annotated to invoice No. 05189, was a transaction separate from all the previous entries, whether they be considered 1 or 20 transactions; that this particular order was judicially admitted by the Djureens; and that the lien of plaintiff was filed of record on March 12, 1962, more than 3 months after the furnishing of any material except those items shown on the order dated February 7, 1962, which order may not be tacked onto the previous orders for the purpose of extending plaintiff's lien-filing time. Judgment was entered according to the above findings.

The plaintiff filed a motion for new trial which was overruled. The plaintiff appeals.

The pleadings of the respective parties to this action may be summarized as follows.

The plaintiff's petition alleged that the defendants Djureen were the owners as joint tenants and not as tenants in common of Lot 5, Keystone Valley, an addition to Omaha; that between September 22, 1961, and February 7, 1962, the plaintiff furnished lumber and material for the construction of a home on such premises in the amount of $3,266.93; and that the plaintiff filed a mechanic's lien with the register of deeds of Douglas County for such amount, no part of which had been paid. The plaintiff prayed judgment for the above amount, with interest at 6 percent per annum from February 10, 1962, and $9 filing fee for the mechanic's lien.

The defendants Djureen in their answer admitted the identification of the parties to this litigation as above

stated and that they were the owners of the property described in the plaintiff's petition; and denied every allegation contained in the plaintiff's petition except those which were in the nature of admissions against interest or admissions of matters contained in the defendants' answer and cross-petition.

These defendants, in their cross-petition, alleged that the plaintiff filed an affidavit and an account of materials supplied on March 12, 1962, in the sum of $3,266.93, in the office of the register of deeds of Douglas County, on the property of these defendants; that said lien was invalid for the reason that it represented material supplied under separate and distinct contracts; and that the affidavit relating to the mechanic's lien disclosed that the plaintiff supplied materials from September 22, 1961, to February 7, 1962. The cross-petition further alleged that the balance of the account, with the exception of materials supplied on February 7, 1962, did not operate as a lien on the property of these defendants and should be declared null and void.

The plaintiff denied all of the allegations contained in the defendants' answer and cross-petition which were not consistent with the plaintiff's petition.

The plaintiff assigns as error that the trial court erred in finding that the material furnished was not pursuant to any contract, agreement, or understanding between the plaintiff and the contractor, either for furnishing of certain material in a gross amount or of all materials of a nature handled by the plaintiff to be used in the construction of a house; that the trial court erred in finding that such material was furnished pursuant at 21 separate orders and that each such order constituted a separate transaction or contract between the plaintiff and the contractor, and particularly that the order of February 7, 1962, was a transaction separate from all previous entries, whether they be considered 1 or 20 transactions; that the trial court erred in finding that the lien of the plaintiff was filed more than 3

months after the furnishing of any material, except those items dated February 7, 1962; and that the trial court erred in failing to find that the plaintiff had a first lien on the premises involved and in dismissing the plaintiff's petition.

For convenience we will refer to the Joyce Lumber Company as plaintiff; to Robert L. Carpenter as Carpenter or contractor; to Charles E. Djureen and Katherine J. Djureen as defendants; and to Charles E. Djureen as Djureen.

The yard manager of plaintiff testified that he was acquainted with Carpenter, a homebuilder and contractor, and had transacted business with him for the past 5 or 6 years; that Carpenter had built a number of homes in Omaha; and that when Carpenter would start the construction of a new home, the plaintiff would set up a separate account for each home. This witness' attention was directed to a property located at 7322 Manderson Street. He testified that the plaintiff had an agreement with Carpenter who would call the plaintiff and inform it that he was starting the construction of a new home and would give the address to the plaintiff; that in most cases he would have the actual transactions with Carpenter concerning the furnishing of materials for houses that Carpenter was going to build; and that it was his decision as to whether or not the plaintiff would continue to furnish material to Carpenter. To the best of his knowledge there were five or six homes being constructed by Carpenter in the neighborhood where the defendants' house was being constructed. Carpenter had many lots upon which he was going to build houses, and as he progressed with the building, the plaintiff would set up the ledger sheets for the construction of each house, and each transaction was handled in the same manner. The plaintiff furnished material for the house at 7322 Manderson Street. With reference to the procedure, he testified that when an order was called in, a load ticket was made out which went to

the yard; and that the material was loaded and checked out, and the invoice was made in quadruplicate, listing all of the items that were to be delivered on the truck. The truckdriver took the third and fourth copies, leaving the fourth copy on the job with the materials, and the third copy was signed by the person who received the material and was returned to the plaintiff's yard where it was matched with the first and second copies. The prices were then entered, extended, and posted on the ledger account. After the second copy was priced it was sent to the customer. All of these records were kept in the ordinary course of business. The tickets were priced and posted the next day after delivery.

This witness identified exhibit No. 2, stating that it consisted of third copies of invoices of material delivered to 7322 Manderson Street, showing the materials delivered to that address; that these were duplicate copies; and that the posting was done from the original copy. He identified exhibit No. 3 as the ledger card on which is posted the entries shown on exhibit No. 2 as before stated. He further testified that the posting was done by a posting machine; that exhibit No. 3 represented both debits and credits to the account for delivery of materials to 7322 Manderson Street; that the materials furnished amounted to $3,275.93, which is posted on exhibit No. 3; and that he did not personally see these materials delivered. He identified exhibit No. 4 as a mechanic's lien filed against Djureens and Carpenter with reference to the materials furnished at 7322 Manderson Street. He testified that the statement attached to the mechanic's lien was the same as the general ledger sheet, except that each entry was itemized; and that he signed the affidavit and claim of lien on behalf of the plaintiff and it was filed with the register of deeds of Douglas County at 4:01 p.m., March 12, 1962. He further testified that there was due plaintiff $3,266.93; and that no payments had been made since the filing of the lien.

He testified on cross-examination that in regard to invoice No. 05189 charged to Carpenter, the duplicate showed delivery to 7328 Manderson Street which had been changed to 7322 Manderson Street; that there were two 4 x 4s 16 feet, one 36-inch aluminum threshold, and two 32-inch aluminum thresholds; that this invoice was signed "R. L. Carpenter By Don"; that the 4 x 4, 8 feet or 16 feet pieces of lumber could be used for pillars to support a roof; that the thresholds were used for the top of the sill for an outside doorframe over which the door closes and go on the bottom of the outside doorframe; and that the items delivered on February 7, 1962, were not for repair or replacement. This witness further testified that in his opinion the contract was substantially completed on November 13, 1961; that shortly thereafter the contractor was billed by the plaintiff; that the first material was furnished on September 22, 1961; that on November 13, 1961, there was due the plaintiff $3,251.78; and that he did not know if all the material was used on that particular lot and could not personally account for each delivery.

Detlef W. Staack, a truckdriver employed by the plaintiff, testified, with reference to deliveries, that the truckdriver's name appears on the ticket showing who delivered the materials and is placed there by the dispatcher who makes out the ticket. He further testified to certain invoices for materials which were delivered to 7322 Manderson Street. With reference to invoice No. 05189, he testified that he delivered the 4 x 4s to 7328 Manderson Street, or the house right next door to 7322 Manderson Street; that he delivered the thresholds to 7322 Manderson Street; that the 4 x 4s were put in the garage at Don's request; that Don was an employee of Carpenter; that Don took the thresholds to 7322 Manderson Street; that he saw Don go into the house at 7322 Manderson Street with the thresholds; and that when he returned to the office he told the dispatcher where he had delivered the order, which was

the customary procedure when the ticket showed a different address from which the material was delivered. At that time they were finishing the house at 7322 Manderson Street, putting in the cabinets and the finishing work.

The parties stipulated that the Commercial Savings and Loan Association of Omaha held a note and mortgage executed October 4, 1961, signed by the Djureens in the amount of $14,000, filed October 6, 1961, at 10:45 a.m., with the register of deeds for Douglas County.

Djureen testified that he was the owner of the property at 7322 Manderson Street, and described its location; and that there are aluminum thresholds in the house located at the front door, the garage door, and the side door leading out to the garage, which are now attached to the house and which were installed on or before December 17, 1961.

The record also discloses that previously 6 thresholds were delivered to 7322 Manderson Street on November 10, 1961; in addition two 4 x 4, 8-foot pieces of select Douglas fir were delivered on October 16, 1961; and invoice No. 05189 was directed to 7328 Manderson Street and receipted for there, but later was corrected at the plaintiff's yard to 7322 Manderson Street.

Section 52-101, R. R. S. 1943, provides in part: "Any person who shall perform any labor or furnish any material, * * * for the construction, erection, improvement, * * * of any house, * * * by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such house, * * *."

Section 52-102, R. R. S. 1943, provides in part: "Any person or subcontractor who shall perform any labor for, or furnish any material, machinery, or fixtures, including gas and electric apparatus * * * for any of the purposes mentioned in section 52-101, to the contractor, or any subcontractor who shall desire to secure a lien upon any of the structures mentioned in said section, may file

a sworn statement of the amount due him from such contractor for such labor, material, machinery, * * * together with a description of the land upon which the same was done or used, within three months from the performing of such labor or furnishing such material, * * *."

This court, in York Brick & Tile Co. v. Ude Motor Co., 123 Neb. 154, 242 N. W. 361, a mechanic's lien case, said: "It is the duty of this court to retry the issues of fact involved in the findings of fact complained of on the evidence preserved in the bill of exceptions and upon a trial de novo of such questions of fact reach an independent conclusion as to what findings are required, and without reference to the conclusions reached by the lower court * * *."

The plaintiff asserts that the cross-petition of the defendants Djureen contains language with reference to the materials furnished prior to February 7, 1962, then states that the balance of the account, with the exception of the materials supplied on February 7, 1962, does not operate as a lien on the defendants' property and should be declared null and void.

As heretofore stated, there was evidence that the house of the defendants Djureen was substantially completed on November 13, 1961. The plaintiff asserts that the foregoing in said cross-petition constitutes an admission on the part of the defendants Djureen that items were furnished by the plaintiff on February 7, 1962, for use on their property, therefore, such defendants had judicially admitted such fact, and the case of Barkalow Bros. Co. v. English, 159 Neb. 407, 67 N. W. 2d 336, is applicable, wherein this court held: "The allegations of a pleading are always in evidence for all purposes of the trial. They are before the court and jury and may be used for any legitimate purpose." See, also, Kuhlmann v. Platte Valley Irr. Dist., 166 Neb. 493, 89 N. W. 2d 768; Johns v. Carr, 167 Neb. 545, 93 N. W. 2d 831.

If the language contained in the cross-petition be

considered a judicial admission, it is not conclusive on a trial de novo in this court.

The evidence as to whether or not the items under date of February 7, 1962, were delivered to the defendants' house at 7322 Manderson Street is in some degree of conflict, but there is lack of competent evidence that such items were so delivered. There is no competent evidence that such materials were used in the house of these defendants. The evidence is to the contrary. The trial court erred in failing to find that the items allegedly supplied on February 7, 1962, were in fact not delivered or used in the house of these defendants.

The trial court was correct in holding that the order dated February 7, 1962, could not be tacked onto the previous orders for the purpose of extending the plaintiff's lien-filing time.

We conclude that the mechanic's lien of the plaintiff was not filed within time as provided for by section 52-102, R. R. S. 1943.

The judgment of the trial court is affirmed in all respects except that noted above, and the cause is remanded with directions to the trial court to render judgment in conformity with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.