PAUL R. ROBINSON, GUARDIAN OF HAZEL THOMPSON, AN INCOMPENT PERSON, APPELLEE,
v. CLARENCE HAROLD THOMPSON ET AL., APPELLANTS.
222 N. W. 2d 123

Filed October 10, 1974. No. 39426.

Kirby, Duggan & McConnell, for appellant Thompson.

Kem W. Swarts of Olds & Swarts, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

NEWTON, J.

This is an action to quiet title. Defendant Thompson has appealed from a decree quieting title in plaintiff. The issue presented is in regard to the execution and delivery of a deed to defendant Thompson. We reverse the judgment of the District Court.

One John A. Goodwin died testate on December 29, 1962. He was the owner of a 200-acre farm in Cedar

County, Nebraska, and other property. He left a nephew, six nieces, and offspring of a seventh niece as his heirs-at-law. Two had been raised in the home of John Goodwin. Hazel Thompson, in whose behalf this action was brought, lived with her uncle until his death. The defendant Thompson left the home of his uncle when he became 21 years of age. Following the death of John A. Goodwin it was ascertained that his will left the entire estate to Hazel. Defendant Thompson and his wife testified that defendant Thompson objected to the will and threatened to contest it; and that the attorney for the estate, Philip H. Robinson, advised Hazel and defendant Thompson to settle the matter and a deed was then prepared conveying to defendant Thompson a one-half interest in the farm subject to a life estate in Hazel.

The deed was left with Philip H. Robinson and placed in his file of the Goodwin estate. Defendant Thompson and his wife state Mr. Robinson promised to "take care of it" and "get it fixed up" when defendant Thompson inquired if there was anything he had to do about it. Mr. Robinson died 2 years and 8 months later during which time defendant Thompson states he inquired about the deed 3 times and was assured it would be recorded. He states he also made inquiry of Paul Robinson, a son of Philip H. Robinson, who took over his father's practice. Paul Robinson denies this. He testified he was informed defendant Thompson claimed an interest in the farm but there was no specific mention of a deed. Paul Robinson was unaware of the existence of the deed, but in 1971 when defendant Thompson asserted an interest in the farm, he made a complete search of pertinent files in his office and found the deed in the Goodwin estate file.

Prior to the death of John A. Goodwin, Philip H. Robinson had not represented either Hazel or the defendant Thompson. He was the attorney for the Goodwin es-

tate and thereafter represented Hazel in numerous matters. The Goodwin will was probated and defendant Thompson received a $500 bequest.

The execution of the deed is not questioned. Whether or not there was a consideration is not material as the deed would still be valid as a gift from Hazel whether or not defendant Thompson had grounds for a contest of the will or it was executed in settlement of a proposed will contest.

The sole question presented is whether or not the deed was delivered. The circumstances are unusual. Since Hazel reserved a life estate there was no apparent reason for a failure to record the deed at once and the grantee ordinarily does this, yet he permitted considerable time to elapse without seeing that this was done. Was the delivery of the deed to Mr. Robinson a delivery sufficient to sustain the deed? At the time Mr. Robinson represented the Goodwin estate but was not the attorney for either Hazel or the defendant Thompson.

A quiet title action is equitable in character and is tried de novo on appeal. See Neylon v. Parker, 177 Neb. 187, 128 N. W. 2d 690.

"The essential fact to render delivery effectual always is that the deed itself has left the control of the grantor who has reserved no right to recall it, and it has passed to the grantee." Kellner v. Whaley, 148 Neb. 259, 27 N. W. 2d 183.

"'* * * it is not essential to the validity of the deed that it should be delivered to the grantee personally. It is sufficient if the grantor delivers it to a third person unconditionally for the use of the grantee, the grantor reserving no control over the instrument.'" Milligan v. Milligan, 161 Neb. 499, 74 N. W. 2d 74. See, also, Brunson v. Kahler, 176 Neb. 735, 127 N. W. 2d 281.

Philip H. Robinson, to whom the deed was delivered, was a third party not representing either the grantor or grantee in this transaction. There is no contention

that the instrument was conditionally delivered or that Hazel reserved a right to retain control over it. Under such circumstances we conclude that there was an adequate delivery of the deed and reverse the judgment and remand the cause to the District Court.

REVERSED AND REMANDED.

SPENCER and CLINTON, JJ., concur in result.